**Julious ADAMS et al.**

v.

**DAN RIVER MILLS, INC.**

**Civ. A. No. 69–C–58–D.**

United States District Court,
W. D. Virginia,
Danville Division.

Jan. 20, 1972.

Williams & Luck, Danville, Va., Robert B. Fitzpatrick, Washington, D. C., and Jack Greenberg, James M. Nabrit, III, New York City, for plaintiffs.

Frank Talbott, III, Danville, Va., and Robert T. Thompson, Thompson, Ogletree & Haynsworth, Greenville, S. C., for defendant.

### OPINION and ORDER

DALTON, District Judge.

On August 30, 1971, the plaintiffs, by counsel, filed a request for the production of documents pursuant to Rule 34 of the Federal Rules of Civil Procedure, 28 U.S.C.A., asking the defendant, Dan River Mills, Inc., to allow inspection and copying of certain documents. Specifically, the plaintiffs sought the defendant's current computerized master payroll file and all computer print-outs for W–2 forms of the defendant's employees as far back as they were retained. The defendant did not comply with the request and on November 29, 1971, the plaintiffs filed a motion asking this court to enter an order pursuant to Rule 37 of the Federal Rules of Civil Procedure, 28 U.S.C.A., compelling the production of these documents. Counsel for both parties have filed memoranda in support of their respective positions on this issue.

The plaintiffs take the position that the information sought is vital and relevant to their case which involves alleged racially discriminatory employment practices by the defendant. The defendant in contesting the plaintiffs' motion contends that the request is beyond the scope of allowable discovery because it is too broad, that much of the information sought is repetitive and irrelevant, and that the information is privileged since it involves labor costs which the defendant contends are trade secrets.

The plaintiffs state they they need the current computer cards or tapes and the W–2 print-outs in order to prepare accurate, up-to-date statistics which will be relevant in determining whether or not discriminatory practices have occurred. Furthermore, the plaintiffs contend that the use of this computerized data is the most inexpensive and reliable method which can be used since making the necessary studies with human labor is not only extremely time-consuming and expensive, but also is more susceptible to error. On the other hand, the defendant states that the plaintiffs have computer print-outs on which this information appears and therefore the production of these documents would be repetitive.

The defendant further contends that under the rules of discovery documents do not have to be produced in any specific form.

Examination of the notes of the Advisory Committee on Rules pertaining to Rule 34 of the Federal Rules of Civil Procedure reveals that the Committee was aware of the effect which technology in the field of electronic data processing might have in discovery. The notes of the Committee state in part:

> The inclusive description of "documents" is revised to accord with changing technology. It makes clear that Rule 34 applies to electronic data compilations from which information can be obtained only with the use of detection devices, and that when the data can as a practical matter be made usable by the discovering party only through respondent's devices, respondent may be required to use his devices to translate the data to usable form. In many instances, this means that respondent will have to supply a print-out of computer data. The burden thus placed on respondent will vary from case to case, and the courts have ample power under Rule 26(c) to protect respondent against undue burden or expense, either by restricting discovery or requiring that the discovering party pay costs.

Fed.Rules Civ.Proc. Rule 34, 28 U.S. C.A.

While it appears to this court that the above language only directly covers the situation where the respondent can be required to prepare the information in a usable form, such as a print-out, it does not appear to preclude the production of computer in-put information such as computer cards or tapes. Likewise, this court is aware of no reason why documents of this nature should not be subject to discovery.

 Because of the accuracy and inexpensiveness of producing the requested documents in the case at bar, this court sees no reason why the defendant should not be required to produce the computer cards or tapes and the W–2 print-outs to the plaintiffs.

After due consideration of the memoranda presented by both parties, this court feels that the information sought should not be denied on the ground that it constitutes a privileged trade secret. While labor costs may well be "secret" information in the competitive textile industry, this court fails to see how the defendant can be damaged by requiring production of the documents sought. However, if the defendant desires, this court will entertain its motion to put the documents under a protective order pursuant to the provisions of Rule 26(c) of the Federal Rules of Civil Procedure.

For the reasons herein given, it is hereby ordered and adjudged that the defendant produce the current master payroll file and the requested W–2 print-outs in the appropriate computerized form.

It is further ordered and adjudged that the plaintiffs shall pay the cost of preparing these documents and that all other costs related to this motion shall be borne by the respective parties.