UNITED STATES of America and Walter Ross, Revenue Agent, Internal Revenue Service, Petitioners,

v.

Geoffrey DAVEY, as Secretary of the Continental Corporation, Respondent.

No. M18-304.

United States District Court, S. D. New York.

Dec. 3, 1975.

As Amended Dec. 16, 1975.

Thomas J. Cahill, U. S. Atty. for the Southern District of New York, New York City, for petitioners; Paul H. Silverman, Asst. U. S. Atty., of counsel.

Arnold & Porter, Washington, D. C., by Walter J. Rockler, Washington, D. C., Grubbs, Leahy & Donovan, New York City, for respondent; Edward T. Donovan, New York City, of counsel.

MEMORANDUM DECISION

WERKER, District Judge.

This proceeding has been brought by the petitioners for an order compelling the respondent to comply with a summons issued by the Internal Revenue Service under Title 26, United States Code, Section 7604(a).

The Summons required the respondent to produce:

"All Machine-Sensible Data Media used for recording, consolidating or summarizing accounting or financial transactions and records in respect of

general expenses and losses expended or incurred during the years 1971 and 1972, including but not limited to Magnetic Tape number 110101 and Magnetic Tape Number 421001, for each year respectively."

The respondent Geoffrey Davey, is the Vice President and Secretary of the Continental Corporation. This is a large conglomerate which is subject to annual audit and files consolidated tax returns involving numerous subsidiaries.

The respondent has refused to furnish the tapes requested.

Concisely stated the reason for doing so is that he has made available to the Internal Revenue Service pre-set printouts of all of these tapes and can furnish to the Service any other printouts which it may require for other ledgers.

Respondent is further concerned with the safety of the tapes and is unwilling to provide duplicates without being reimbursed for the cost of reproducing the tapes. The tapes are stored in Glen Falls, New York and Chicago, Illinois in specially constructed storage areas.

Basically respondent is saying, "I am not required to give this information to you in the form in which you want it. If I give it to you in the form of a printout which my corporation uses for purposes of reporting to Insurance Commissioners and the form used in preparation of the tax return which you are auditing that should be sufficient and you are entitled to nothing else." This of course denies to petitioner the full utility of the tapes and provides it with the information only in the form determined by respondent. It necessarily involves a great deal of manual examination of many thousands of printout pages which would not be necessary if the tapes were made available to petitioner and programmed to print out the audit trail information which it requires to satisfy itself that Continental Corporation has filed a proper return.

Semantics concerning "primary" and "secondary source" do not aid in the solution of the problem. Nor does a discussion of visible or legible. The fact that respondent's employer may have complied with section 832 of Title 26 and the statement of expenses as approved by the National Convention of Insurance Commissioners (*See* Title 26, United States Code, Section 832(b)(6)) does not for purposes of audit determine what records may be required to be produced.

The Internal Revenue Service in issuing Revenue Procedure 64–12 with respect to "Guidelines for record requirements to be followed in cases where part or all of the accounting systems are maintained within automatic data processing systems" indicated in Sec. 4 ADP Guidelines what would be required. In Rev.Ruling 71–20 it required that in effect the tapes were to be retained like any other books or records "so long as the contents may become material in the administration of any internal revenue law."

An audit in order to be effective must be independent. The taxpayer cannot dictate what information is to be examined for mistake or evasion. *Cf. Foster v. United States,* 265 F.2d 183 (2d Cir. 1958), *cert. denied,* 360 U. S. 912, 79 S.Ct. 1297, 3 L.Ed.2d 1261 (1959). The taxpayer always has available the District Court if it feels that the Internal Revenue Service is abusing its discretion in this regard.

The legislature has recognized in Federal Rule of Civil Procedure 34 that in actions pending before a federal district court "documents" includes "data compilations from which information can be obtained, translated, if necessary * * * through detection devices into reasonably usable form." At least one case has held that this would include tapes. *Adams v. Dan River Mills, Inc.,* 54 F.R.D. 220 (W.D.Va.1972).

Upon analogy to that rule and case I am of the opinion that the Internal Revenue Service should have made available to it the tapes summoned so that it may program those tapes to pro-

duce the audit trail necessarily required by it to complete its audit of Continental Corporation's tax returns. The court recognizes that there are as many form dimensions in a tape as the items recorded upon it and that requiring the Service to take these off manually would overburden the Service. This on balance has tipped the scale in favor of the Service.

However, I am of the opinion that Continental Corporation is entitled to a protective order to the extent of safeguarding the original tapes and the cost of reproducing those tapes. I therefore direct that Continental Corporation prepare under the supervision of the Computer Specialist who may be assigned to this case a duplicate copy of any and all tapes encompassed within the summons served upon the respondent herein and that the duplicate tapes be delivered to the Internal Revenue Service upon payment of the expense of producing those tapes.

Without reflection upon the expertise of the Computer Specialists or of the Internal Revenue Service I am of the opinion that the taxpayer should be afforded the right to retain the original since the possibility of editing, erasure or destruction or loss always exists.

Finally, since the taxpayer's subsidiary Insco will not permit others to use its computer for purposes of programming the tapes for the information the Service feels it needs and the Service is unwilling to have Insco operate the computer with the Service's programming, I will not require the Service to cooperate and will leave it to its own devices to find a computer compatible with these tapes.

The petition is granted subject to the conditions herein contained.

So ordered.