UNITED STATES of America, Plaintiff,

v.

INTERNATIONAL BUSINESS MACHINES CORPORATION, Defendant.

No. 69 Civ. 200 (DNE).

United States District Court, S. D. New York.

Aug. 5, 1977.

U. S. Dept. of Justice, Antitrust Div., for plaintiff.

Cravath, Swaine & Moore, New York City, for defendant.

## MEMORANDUM AND ORDER

EDELSTEIN, Chief Judge:

The controversy giving rise to this memorandum and order is not a new one either to the court or to the parties to this litigation. On two prior occasions, September 19, 1975 and November 30, 1976, this court ordered the production of certain information by defendant, International Business Machines Corporation (IBM) to plaintiff, United States, concerning IBM's Leased Base Machine Inventory (LBMI) file and Purchase Base Machine Inventory (PBMI) file. By the present motion, which again concerns IBM's LBMI and PBMI files, plaintiff seeks an order "(i) requiring the defendant to produce specified material and information and (ii) appointing an Examiner pursuant to Rule 53 of the Federal Rules of Civil Procedure to report to the Court what material and information the defendant possesses which the plaintiff seeks pursuant to the Court's September 19, 1975 and November 30, 1976 Orders."

Despite the court's expressed intention in its November 30, 1976 order that the "list of items to be produced be construed broadly," plaintiff contends that defendant has "combin[ed] the highly technical nature of the production with a narrow interpretation of the Court's September 19, 1975 and November 30, 1976 Orders to withhold information necessary for the plaintiff to obtain meaningful systems statistics from the LBMI and PBMI files." Plaintiff's Memorandum in Support of the instant motion at 3. Based on an evaluation of defendant's production to plaintiff as of the filing of plaintiff's motion, plaintiff concludes that defendant "has not produced important programs, documentation and other information" requested by plaintiff pursuant to the November 30, 1976 order.

Plaintiff further argues that because of defendant's recalcitrance and because of the complex and highly technical nature of the information sought, there exist sufficient "exceptional conditions" to warrant the appointment of an Examiner pursuant to Fed. R. Civ. P. 53.

Defendant vigorously opposes both further production of information to plaintiff and the appointment of an Examiner. Defendant asserts that it has produced all responsive information which was called for by the court's prior orders. Suggesting that plaintiff has not yet even studied the production it has already received, defendant concludes that it is "hardly sensible" to undertake new proceedings for further information which in defendant's view go well beyond the court's November 30, 1976, order.

It is defendant's contention, in fact, that "virtually all of what plaintiff now seeks is unrelated to the LBMI and PBMI programming which have already been produced." Defendant's Memorandum in Opposition to the instant motion at 8. Moreover, certain of the information now sought by plaintiff was earlier offered to plaintiff but rejected. Defendant suggests that the reason for plaintiff's seeking such discovery now has to do with the fact that plaintiff's new trial staff has different ideas of what discovery is needed.

As noted earlier, the court has twice before become embroiled in the parties' dispute concerning IBM's LBMI and PBMI files and has twice before ordered production intended to resolve the matter. Faced with the task for a third time of attempting to bring about a final resolution of the parties' now familiar controversy, the court has determined that plaintiff is entitled to further relief.

■ While there is no question that defendant has undertaken to produce information to plaintiff pursuant to the court's orders of September 19, 1975 and November 30, 1976, the court is not persuaded that the production that has been forthcoming from IBM comports with the spirit and intent of those orders. It should have been clear to defendant by this late date the extent of production which the court intended it to undertake.

The position in which the court has been placed cannot be tolerated. The court cannot allow defendant's conduct to deprive plaintiff of information to which the court believes it is entitled.

Accordingly, defendant is ordered to make available to plaintiff for inspection and copying the information contained in Appendix A which is attached hereto.

■ In addition, while in its November 30, 1976 order, the court stated that at that time the appointment of an "Auditor" was not warranted, the court has determined that the conduct of defendant and the highly technical and complex nature of the production which is the subject of the parties' dispute, presently constitute "exceptional conditions" warranting the appointment of an Examiner pursuant to Fed. R. Civ. P. 53.

Within five days of the filing of this memorandum and order, plaintiff shall submit to the court a list of persons qualified to undertake the duties set forth below from amongst whom the court may select an Examiner. Plaintiff shall provide the court with all pertinent information about each of those persons sufficient to aid the court in determining whom to appoint as Examiner.

*DUTIES AND POWERS OF THE EXAMINER:*

The Examiner appointed pursuant to this memorandum and order shall have the duty of reporting to the court with respect to what tapes, other files, programs, documentation, and other information defendant possesses, and whether defendant has produced such material, which will enable plaintiff to determine the following information, aggregated as of year-end for the years 1960 through 1974:

(1) For each system type, by system type, included in the PBMI and/or LBMI files:

(a) the number of systems (units) of each such system type,

(b) the number of such systems with new CPU's which was entered into the LBMI and/or the PBMI, since the prior year-end,

(c) the value of the systems of each such system type in "points" in (1)(a) and (1)(b),

(d) the value of the systems of each such system type in purchase value in (1)(a) and (1)(b).

(2) For any product that is included in the LBMI or the PBMI, both for each model or group of models or for all models as a group:

(a) the number of units of each such product,

(b) the "point" value of those units of each such product,

(c) the purchase value of those units of each such product,

(d) the number of units of each such product associated with each model type of CPU (e. g., 2030, 2040, 2050, 3135, 3145, 3158),

(e) for each aggregate in (2)(d) the aggregate "point" value of those units,

(f) for each aggregate in (2)(d) the aggregate purchase value for those units.

(3) For each such product in subparagraph (2):

(a) the number of new units which were entered into the LBMI and/or the PBMI, since the prior year-end figures had been aggregated,

(b) the number of units of each product in (3)(a) which are newly associated with each model type of CPU (e. g., 2030, 2040, 2050, 3135, 3145, 3158),

(c) for each aggregate in (3)(b) the aggregate "point" value of those units,

(d) for each aggregate in (3)(b) the aggregate purchase value of those units.

In fulfilling these duties, the Examiner shall have the power to:

(1) Supervise discovery with regard to the aforesaid matters, and, *inter alia*, require either party to produce all books, papers, vouchers, documents, computer files, and writings which he may find necessary to perform his duties hereunder.

(2) Examine personally evidence with regard to the aforesaid matters, including, *inter alia*, visits to the premises of either party, inspection and copying of. any or all of the things required to be produced, and interview or examine under oath, any person with relevant information, insofar as the Examiner may find such examination useful.

(3) Conduct appropriate hearings.

Each party shall cooperate with the Examiner, including but not limited to:

(1) Making any employee or agent available for interview by the Examiner.

(2) Permitting the Examiner access to all persons, premises, data processing equipment, detailed program narratives, flow charts, application programs and their listings, record layouts, field descriptions, sample input and output, Job Control Language (JCL) listings for all job streams, and all other documentation which may be available to the same extent as it provides access to its own independent auditors for regular or specific audits.

The Examiner shall, as soon as it is practicable, file the report with the court, after service of the report upon each party.

The Examiner shall be paid as the court shall deem appropriate, based upon requests for compensation submitted to the court by the Examiner. The court shall determine the portions which shall be assessed against either party.

Production ordered pursuant to this memorandum and order shall take place within ten days of the filing of this memorandum and order.

So ordered.

## APPENDIX A

(A) For the 4 computer printouts produced by the defendant in Rockville, Maryland to the plaintiff on March 25, 1977:

    (1) identify the name, function, and purpose of each program whose printout was produced;

    (2) identify the "CMR" file by content and purpose, as referenced in the first produced printout, containing the program identified as RA60020;

    (3) identify the "unloaded RAID file": by content and purpose, as referenced in the fourth produced printout, containing the program identified as RAIDMSO;

    (4) state the criteria by which these four printouts were selected for production;

(B) From documents produced by defendant in Rockville, Maryland, to plaintiff on March 23, 1977 on microfilm reel 4, labeled "Dept 674 Docs.–1975", 5 computer jobs were identified as follows:

    IQ99A—Extract/Summarize Lease/Purch. System
    IQ99B—Extract/Gang Lease Systems Usage
    IQ99C—Extract/Gang Purch. Systems Usage
    IQ99D—Update System Summary
    IQ99E—List Call Report Stats;

    With regard to the following 10 programs identified from the above 5 jobs:

    IQ9905
    IQ9915
    IQ9922
    IQ9930
    IQ9935
    IQ9940
    IQ9950
    IQ9960
    IQ9970
    IQ9990

    (1) provide the plaintiff the source program modules for each of these 10 programs, including any source program fragments referenced by COPY, %INCLUDE, MARCO expansion, or equivalent methods; if the defendant has provided on computer tape source program modules or fragments as part of the defendant's December 21, 1976 Bethesda, Maryland, or March 25, 1977 Rockville, Maryland productions, identification of the computer tape or tapes on which each occurrence of each such module or fragment may be found will be sufficient;

    (2) identify each of the 10 programs by function and purpose;

(C) From the 5 jobs noted in the above subparagraph (B), it appears that 25 different reports were generated. The specific reports are as follows:

From Job IQ99A:
    IQ9901.SYSOUT
    IQ9905.SYSPRINT
    IQ9910.SYSOUT
    IQ9915.SYSPRINT
    IQ9915.SYSOUT (this may be an erroneous reference to IQ9920.SYSOUT by reason of typographical error)

From Job IQ99B:
    IQ9922.SYSPRINT
    IQ9925.SYSOUT
    IQ9930.SYSPRINT
    IQ9935.PRINT

From Job IQ99C:
    IQ9940.PRINT
    IQ9940.SYSPRINT

IQ9945.SYSOUT
IQ9950.PRINT
IQ9955.SYSOUT
IQ9960.SYSPRINT
IQ9965.SYSOUT

From Job IQ99D:

IQ9970.REPORT
IQ9970.CALLRPT

From Job IQ99E:

IQ9990A.PRINTG (this may be an erroneous reference to IQ990B.PRINTG by reason of typographical error)

IQ9990A.PRINTH (this may be an erroneous reference to IQ9990B.PRINTH by reason of typographical error)

IQ9990A.PRINTI (this may be an erroneous reference to IQ9990B.PRINTI by reason of typographical error)

IQ9990A.PRINTJ

IQ9990.PRINTK (this may be an erroneous reference to IQ9990B.PRINTK by reason of typographical error)

IQ9990.PRINTL (this may be an erroneous reference to IQ999B.PRINTL by reason of typographical error)

IQ9990.PRINTM (this may be an erroneous reference to IQ9990B.PRINTM by reason of typographical error);

With regard to each of the above reports, produce a copy of each report, whether in printed form, microfilm, microfiche, magnetic tape, magnetic disk, or any similar medium, produced by each execution of each herein identified job or program;

(D) The 5 jobs previously mentioned in subparagraph (B) above appear to read a total of 12 different files in addition to the LBMI and PBMI files. Those 12 files are identified as follows:

P.O.A. Table—for Job IQ99A, Step IQ9901
IDENT EID Table—for Job IQ99A, Step IQ9905
CPU M/F Table—for Job IQ99A, Step IQ9905
SYST Sys Type Table—for Job IQ99A, Step IQ9905
ABT.M4101SR1 (BTT Srtd: for Invoices) for Job IQ99B, Step IQ9922
GSA Purchase Inventory—for Job IQ99C, Step IQ9940
IQ9940.TABLE (Main Frame Tbl)—for Job IQ99C, Step IQ9940
INVV.UC28042 (CMR)—for Job IQ99C, Step IQ9960
IQ9960.TABLE (FNA Table)—for Job IQ99C, Step IQ9960
W40C51 (B/O ISAM)—for Job IQ99D, Step IQ9970; Job IQ99E, Steps IQ9990A and IQ9990B
IQ9970.SRTAIN (Update Input)—for Job IQ99D, Step IQ9970
IQ9970.THTAB (Threshold Tbl)—for Job IQ99D, Step IQ9970

Defendant has identified the first file (P.O.A. EID Table). For each of the remaining 11 input files, provide to the plaintiff a description of each of the files' contents and explain the meaning and significance of each of the files' name and/or designation;

(E) The 5 jobs previously mentioned in subparagraph (B) above also produce intermediate machine-readable output files retained by the defendant, 4 of which are identified as follows:

ABC.IQ99201 (Lease/Purch. Systems Srtd.) from Job IQ99A, Step IQ9920
ABC.IQ99351 (Sys. Sum. Ganged Lease Usage), from Job IQ99B, Step IQ9935
ABC.IQ99651 (Sys. Sum.—Fed. Call Rpt.), from Job IQ99C, Step IQ9965
ABC.IQ99701 (Sys. Sum.—Fed. Call Rpt Updt), from Job IQ99D, Step IQ9970

For each of the above 4 mentioned intermediate machine-readable output files, produce to the plaintiff a copy of each of these output files produced by each execution of each herein identified job or program;

(F) With respect to the 5 jobs previously mentioned in subparagraph (B) above, identify the predecessor and/or successor jobs or programs to those jobs or programs. A predecessor

and/or successor job or program is defined as a job or program which substantially performs the same function as a job or program herein identified, separately or in combination with other functions, and which was replaced by (or replaced) a job or program herein identified. For any such predecessor and/or successor jobs or programs, provide identifying information, source programs, reports, other input file descriptions, and output files;

(G) From the list of programs which presently make use of the LBMI and PBMI files produced to the plaintiff on March 5, 1977 and entitled "MAINTO4 20MAINT" produce the following programs, including source program modules and any source program fragments, and identify each of the programs by function and purpose:

From Page 001
     AP1009  LISTING BY SYSTEM N

From Page 019
     KP5100B  PURCHASE BASE MACHINE
     KP5101A  PURCHASE BASE MACHINE
     KP5101B  PURCHASE BASE MACHINE
     KP5101C  PURCHASE BASE MACHINE
     KP5102A  PURCHASE BASE MACHINE
     KP5102B  PURCHASE BASE MACHINE
     KP5103B  PURCHASE BASE MACHINE
     KP5104B  PURCHASE BASE MACHINE
     KP5105B  PURCHASE BASE MACHINE
     KP5106B  PURCHASE BASE MACHINE
     KP5108A  PURCHASE BASE MACHINE
     KP5108A  PURCHASE BASE MACHINE
     KP5108B  PURCHASE BASE MACHINE
     KP5109A  PURCHASE BASE MACHINE
     KP5110A  PURCHASE BASE MACHINE

From Page 020
     LC3006B  BUILD SYSTEM NUMBER
     LC3007A  SYSTEM NUMBER CONFI

From Page 024
     LI0401A SYSTEM ON ORDER IN
     LI0401B  SYSTEM ON ORDER SE
     LI0402A  SYSTEM ON ORDER SE
     LI0403A  SYSTEMS ON ORDER
     LI0403B  SYSTEMS ON ORDER
     LI0501B  INSTAL EQUIP INQUI
     LI0501C  SYSTEM CONFIGURATION
     LI0502A  INSTAL EQUIP INQUI
     LI0502B  INSTAL EQUIP INQUI
     LI0503A  INSTAL EQUIP INQUI
     LI0504B  INSTAL EQUIP INQUI
     LI0505A  SYSTEM CONFIGURATION
     LI0505B  SYSTEM CONFIGURATION
     LI1101A  MULTI–SYS CROSS RE
     LI1101B  MULTI–SYS CROSS RE
     LI1102A  MULTI–SYS CROSS RE
     LI1103B  CROSS REFERENCE FILE
     LI1104A  CROSS REFERENCE FILE

From Page 039
     M46550  LBMI PRINT
     NJ0105  INITIALIZE MB FILE
     NJ0205  UPDATE MB FILE
     NJ0305  CREATE MES PEND FIL

```
NJ0310  SET BOX TIE IN
NJ0315  SET SYSTEM TIE IN
NJ0320  GANG TIE IN INDICAT
NJ0325  MACHINE PEND LIST
NJ0330  SYSTEM PEND LIST
NJ0505  VALIDATE MB FILE
NJ0605  REFORMAT MB FILE
```

From Page 043
```
NK4100D  SIU CHECKS
NK4100E  BUILD SIU AS AVAIL
NK4101A  SIU AS AVAILABLE R
```

From Page 050
```
OK2301B  BUILD CROSS REF FI
OK2302A  CROSS REFERENCE FI
OK2302B  VALIDATE SYS # & C
OK2303A  CUSTOMER VALIDATIO
OK2304A  CROSS REF FILE UPD
OK2305A  SYS # SEARCH CONFL
OK2306A  CUSTOMER SEARCH
OK2307A  MULTI–SYSTEM RELAT
OK2308A  CROSS REFERENCE FILE UPDATE
OK2308B  CROSS REFERENCE FILE UPDATE
```

From Page 092
```
QX0102A  MULTI–SYSTEM SELEC
QX0104A  REQUEST SYSTEM TYP
QX0106A  REQUEST SYSTEM NUM
QX0107A  SYSTEM NUMBER NOT
QX0108A  SYSTEM/CUSTOMER NO
QX0126C  MULTI–SYSTEM ACTIO
QX0128B  TEST SYSTEM COMPON
```

From Page 094
```
QX0608C  DETERMINE SYSTEM R
QX0608D  BUILD M–SYSTEM NO
QX0608E  BUILD SYSTEM NO DI
QX0609A  M–SYSTEM NO CHANGE
QX0610A  SYSTEM NO CHANGE A
QX0611A  SYSTEM NO ERROR A–
QX0620A  SYSTEM NO INSTALLE
```

From Page 095
```
QX1309B  SYSTEM NUMBER CHAN
QX1310A  SYSTEM NUMBER CHAN
```

From Page 096
```
QX1311A  SCHEDULE ASSOCIATI
QX1311B  DELETE SCHEDULING
QX1311C  ASSIGN NEW SYSTEM
QX1311D  SYSTEM NUMBER ENTR
QX1312A  SYSTEM NUMBER ENTR
QX1313A  ENTER SIU MACH TYP
QX1315B  MULTI SYSTEM NUMBE
QX1316A  MULTI–SYSTEM NUMBE
QX1316B  CHANGE TO EXISTING
QX1316C  CHANGE TO NEW SUB–
QX1316D  ASSIGN NEW MULTI–S
QX1316E  DELETE MULTI–SYSTE
```

```
        QX1316F   MULTI–SYSTEM NUMBE
        QX1316G   MULTI–SYSTEM NUMBE
        QX1317A   MULTI–SYSTEM NUMBE
        QX1318A   MULTI–SYSTEM NUMBE
From Page 101
        QX9001B   BUILD SYS/MS ASSIG
        QX9202A   SYS/MS ASSIGN RESP
        QX9202B   BUILD MS # REL
        QX9203A   MS # REL RESP
        QX9203B   BUILD CUST # REQUE
     ·  QX9204A   CUST # REQUEST RESP
        QX9205A   CUST VAL RESP
        QX9205B   BUILD MS # REQUEST
        QX9206A   MS # REQUEST RESP
        QX9206B   BUILD SYS TYPE/QTY
        QX9207B   ASSIGN # S
        QX9207C   BUILD STATUS
        QX9208A   STATUS RESP
From Page 105
        RD0300B   UPDATE SYSTEM STATUS INFORMATION
        RD0301A   UPDATE SYSTEM STATUS INFORMATION
        RD0302A   UPDATE SYSTEM STATUS INFORMATION
        RD0303A   UPDATE SYSTEM STATUS INFORMATION
        RD0304A   UPDATE SYSTEM STATUS INFORMATION
        RD0305A   UPDATE SYSTEM STATUS INFORMATION
        RD0306A   UPDATE SYSTEM STATUS INFORMATION
        RD0307A   UPDATE SYSTEM STATUS INFORMATION
        RD0700B   SYS STATUS DISPL1
        RD0701A   SYS STATUS DISPL2
        RD0702B   UPDATE SYS STATI
From Page 109
        RD7300B   UPDATE SYSTEMS STATUS INFO–BETHESDA
        RD7300C   UPDATE SYSTEMS STATUS INFO–BETHESDA
        RD7300D   UPDATE SYSTEMS STATUS INFO–BETHESDA
        RD7300E   UPDATE SYSTEMS STATUS INFO–BETHESDA
From Page 120
        UC1300B   CREATE/UPDATE PURCHASE SIU
        UC1301A   CREATE/UPDATE PURCHASE SIU
        UC1302A   CREATE/UPDATE PURCHASE SIU
        UC1303A   CREATE/UPDATE PURCHASE SIU
        UC1304A   CREATE/UPDATE PURCHASE SIU
From Page 121
        UC3300B   ENTIRE SYSTEM NUMBER CHANGE
        UC3301A   ENTIRE SYSTEM NUMBER CHANGE
        UC3301B   ENTIRE SYSTEM NUMBER CHANGE
        UC33997   ENTIRE SYSTEM NUMBER CHANGE
From Page 123
        UC5800B   SYSTEM TYPE/NUMBER CHANGE
        UC5801A   SYSTEM TYPE/NUMBER CHANGE
        UC5801B   SYSTEM TYPE/NUMBER CHANGE
        UC5801C   SYSTEM TYPE/NUMBER CHANGE
        UC5801D   SYSTEM TYPE/NUMBER CHANGE
        UC5801E   SYSTEM TYPE/NUMBER CHANGE
From Page 124
        UC5802A   SYSTEM TYPE/NUMBER CHANGE
        UC58997   SYSTEM TYPE/NUMBER CHANGE
```

From Page 126
    UC8490B   QUARTERLY PROCESSO
    UC8490C   LISTING OF SO (1, 3, 5
From Page 138
    UH6500B   ADD/ALTER/DELETE PUR. DATA BASE
    UH6500Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6501A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6510Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6511A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6520Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6521A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6521Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6522A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6522Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6523A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6523Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6524A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6524Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6525A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6525Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6526A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6526Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6527A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6527Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6528A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6528Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6529A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6529Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6530A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6530Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6531A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6531Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6532A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6532Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6533A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6540Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6541A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6550Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6551A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6559Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6560A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6560Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6561A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6561Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6562A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6562Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6563A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6563Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6564A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6564Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6565A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6570Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6571A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6580Z   ADD/ALTER/DELETE PUR. DATA BASE
    UH6581A   ADD/ALTER/DELETE PUR. DATA BASE
    UH6581Z   ADD/ALTER/DELETE PUR. DATA BASE

**106**

From Page 139

| | |
|---|---|
| UH6582A | ADD/ALTER/DELETE PUR. DATA BASE |
| UH6598Z | ADD/ALTER/DELETE PUR. DATA BASE |
| UH6600B | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6601A | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6601B | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6602A | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6602B | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6603A | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6603B | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6604A | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6604B | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6605A | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6605B | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6606A | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6606B | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6607A | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6607B | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6608A | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6608B | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6609A | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6609B | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6610A | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6610B | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6611A | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6611B | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6612A | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6612B | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6613A | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6613B | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6614A | PURCHASE CONTROL FILE ADJUSTMENT |
| UH6710C | |
| UH6720 | |
| UH6720B | |
| UH6731A | |
| UH6731D | |
| UH6735B | |
| UH6740B | |
| UH7000B | |
| UH7200B | |
| UH7225B | |
| UH7250B | |
| UH7500B | |
| UH7501B | |
| UH7502B | |
| UH7503B | |
| UH7504B | |
| UH7505B | |
| UH7506B | |
| UH7603B | |
| UH7604B | |
| UH7700B | |
| UH7710B | |
| UH7800B | |
| UH7810B | |
| UH8000B | |

```
UH8100B
UH8300B
UH8400B
UH8401B
UH8500A
UH90U     PURCHASE INVENTORY
UH90W     PURCHASE INVENTORY
UH90X     RV FILE FIX 1
UH90Y     RV FILE FIX 2
UH90Z     PURCHASE INVENTORY
UH9010A   PURCHASE INVENTORY
UH9010B   PURCHASE INVENTORY
UH9011B   PURCHASE INVENTORY
UH9020B   PURCHASE INVENTORY
UH9020C   PURCHASE INVENTORY
UH9020D   PURCHASE INVENTORY
UH9020E   PURCHASE INVENTORY
UH9021B   PURCHASE INVENTORY
UH9021D   PURCHASE INVENTORY
UH9021E   PURCHASE INVENTORY
UH9022B   PURCHASE INVENTORY
UH9022C   PURCHASE INVENTORY
UH9023A   PURCHASE INVENTORY
```
From Page 140
```
UH9023B   PURCHASE INVENTORY
UH9030A   PURCHASE INVENTORY
UH9030B   PURCHASE INVENTORY
UH9030C   PURCHASE INVENTORY
UH9040A   PURCHASE INVENTORY
UH9040B   PURCHASE INVENTORY
UH9041B   PURCHASE INVENTORY
UH9042A   PURCHASE INVENTORY
UH9101A
UH9101B
UH9102B
UH9111A
UH9111B
UH9112B
UH9121B
UH9122B
UH9131B
UH9140B
UH9141B
UH9700    PURCHASE INVENTORY RELEASE
UH9700A   PURCHASE INVENTORY RELEASE
UH9701    PURCHASE INVENTORY RELEASE
UH9702    PURCHASE INVENTORY RELEASE
UH9704    PURCHASE INVENTORY RELEASE
UH9705    PURCHASE INVENTORY RELEASE
UH9902D
```
From Page 141
```
UJ9700B   SO ADD/ALT/DELETE RELEASE;
```
If the defendant has provided the plaintiff with the above programs, computer tape source program modules, or fragment as part of the December 21, 1976 or March 25, 1977 Rockville, Maryland productions, then with respect to these items previously produced, identification of the

computer tape or tapes on which each occurrence of each such module or fragment may be found will be sufficient.

(H) Produce to the plaintiff all additional jobs (including source programs, reports, other input file descriptions, and output files) possessed by the defendant, which derive systems data (without regard to defendant's belief as to the accuracy) from LBMI and/or PBMI files, whether for Federal Government, commercial, or any similar identifiable segment of IBM's customers (including IBM internal use), or for all customers, and which in any way are prepared by similar computational methods to those used by the IQ99 family of programs;

(I) Produce to the plaintiff a list of all LBMI and PBMI equipment Identity Codes and a list of all equipment identifying codes used by the defendant in the LBMI and PBMI files at any time, together with the meaning and designation for each code and the periods of time for which each was used. If the same identity codes were used in the PBMI and LBMI files, so state;

(J) Produce to the plaintiff the Code Set Register (perhaps identifiable as K004) for the IDENTITY CODE field of this PBMI record;

(K) Produce to the plaintiff all JOBLOG tapes not previously produced to the plaintiff;

(L) Based on the document entitled "Forecaster Handbook—DPG Market Research and Forecasting" By Patrick F. Harte, dated March, 1971 (produced by the defendant to Memorex Corp., from the files of T. C. Cooper, having the West Coast Private Plaintiff identification number W004041 in MDL 163), produce:

From Page 080.080.010

The KWIC index of Programs in Job Number order
The KWIC index in Keyword order

From Page 080.120.050

The AIR Report (Average Inventory Ratio Report)
The BOX DETAIL REPORT
The CPU Report (Central Processing Unit Report)
The Direct Entry Report
The Functional Capacity and Cost Analysis Report

From Page 080.120.060

The System-Function Analysis Report

With regard to the above 6 reports from Pages 080.120.050 and 080.120.060, produce a copy of each report, whether in printed form, microfilm, microfiche, magnetic tape, magnetic disk, or any similar medium, and identify the business files from which the data was extracted and the programs or each series of programs used to prepare each of the reports;

From Page 080.160

All System Status System (SSS) information for the period 1963–1974 including:

(1) all SSS data files (in whatever medium they exist);

(2) all programs which have made use of those files over that time period;

(3) all documentation for individual SSS programs and for SSS as a whole;

(4) operator run instructions which instruct the operators of the computer system in how to mount and process the files in order that given programs may be properly processed;

(5) record layouts for SSS data files with the time periods for which they were effective;

(6) tables of codes which indicate what particular abbreviations, mnemonics or other codes mean in the data which is recorded on the files;

(7) identification of the business files from which SSS data was extracted, and a description (including specific Algorithms used in data transformations performed) of the method by which the extraction was performed;

(M) For each program, program fragment, program listing, or program listing fragment contained on the nine current program tapes produced by the defendant to the plaintiff on March 25, 1977 and numbered 69517, 69437, 1453, 69504, 6589, 1489, 4533, 9647, and 9759, provide on computer tape as an unencoded EBCDIC sequential data set each complete program or program listing appearing on any of the tapes, and each program or program listing from which a program fragment or program listing fragment appearing on any of the tapes were taken. For each computer tape and sequential data set on each tape produced under this subsection (M), identify the record format, record length, block, length, and number of records written.

(N) Produce to plaintiff the Comstat and CARS data including:

    (1) all COMSTAT and CARS files (in whatever medium they exist);

    (2) all programs which have made use of those tapes;

    (3) the documentation for the individual COMSTAT and CARS programs and for COMSTAT and CARS as a whole;

    (4) operator run instructions which instruct the operators of the computer system in how to mount and process the tapes in order that given programs may be properly processed; and

    (5) record layouts for COMSTAT and CARS with the time periods for which they were effective;

    (6) along with tables of codes which indicate what particular abbreviations, mnemonics or other codes mean in the data which is recorded on the files.