**CUNO INCORPORATED, Plaintiff,**

v.

**PALL CORPORATION, and Pall Ultrafine Filtration Corporation, Defendants.**

**No. CV 86–3197 (JBW).**

United States District Court, E.D. New York.

July 20, 1987.

Farrel Fritz Caemmerer Cleary Barnosky & Armentano, P.C., Uniondale, N.Y., for plaintiff.

Suozzi English & Klein, P.C., Mineola, N.Y., for defendants.

## DECISION AND ORDER

DAVID F. JORDAN, United States Magistrate.

In a motion dated June 5, 1987, defendants, Pall Corporation and Pall Ultrafine Filtration Corporation, moved for a Protective Order pursuant to Rule 26(c) and Paragraph 17 of the Agreed Comprehensive Protective Order for Protection of Confidential Information (defendants' Exhibit A) to prevent the release of specified Pall documents (defendants' Exhibit B) from all confidentiality designations. Defendants allege that the documents have been maintained as "internal proprietary documents of Pall and contain valuable confidential technical information generated by Pall scientists." Plaintiff, Cuno Incorporated, opposed the motion in a Memorandum dated June 19, 1987. Plaintiff alleges that the documents for which protection is being sought do not contain any protectible trade secrets; that such documents are vital to plaintiff's defense in another proceeding; and that the defendant has no justifiable reason for its motion and no such reason exists. Plaintiff also seeks to recover attorney's fees.

Motion denied. Attorney's fees will not be awarded.

The two questions before the court are: (1) did the defendants satisfy the necessary requirements to obtain a protective order; and (2) is the defendants' motion unsubstantially justified, thereby entitling plaintiff to attorney's fees.

Although trade secret and other confidential commercial information is not absolutely privileged from discovery, the courts may protect such information during the discovery process. *Playskool, Inc. v. Famus Corp.*, 212 U.S.P.Q. 8, 16 (S.D.N.Y. 1981); *United States v. Standard Oil Co.*, 23 F.R.D. 1 (S.D.N.Y.1958); Fed.R.Civ.P. 26(c)(7). However, to obtain such protection under Fed.R.Civ.P. 26(c)(7), three lines of inquiry are required. First, whether the subject is "a trade secret, or other confidential research, development, or commercial information" which should be protected. Second, whether disclosure of such information would result in sufficient "cognizable harm"; and third, whether the party seeking the order has shown good cause for the court's protection. Fed.R.Civ.P.

26(c)(7); *Zenith Radio Corp. v. Matsushita Electric Industrial Co., Ltd.*, 529 F.Supp. 866, 889 (E.D.Pa.1981).

It is well established that the party seeking the issuance of a protective order bears the burden of demonstrating good cause to support such an order. *Zenith Radio Corp. v. Matsushita Electric Industrial Co., Ltd.*, supra at 890; *Reliance Insurance Co. v. Barron's*, 428 F.Supp. 200, 202 (S.D.N.Y.1977); *Davis v. Romney*, 55 F.R. D. 337 (E.D.Pa.1972). To satisfy the burden of showing good cause, the moving party must demonstrate that "disclosure will work a clearly defined and very serious injury." *Zenith Radio Corp. v. Matsushita Electric Industrial Co., Ltd.*, supra at 891; *Reliance Insurance Co. v. Barron's*, supra at 202–203; *United States v. International Business Machines Corp.*, 67 F.R.D. 40, 46 (S.D.N.Y.1975). The movant must also show that there "will indeed be harm by disclosure." *Zenith Radio Corp. v. Matsushita Electric Industrial Co., Ltd.*, supra at 891; *Reliance Insurance Co. v. Barron's*, supra at 204; *Johnson Foils Inc. v. Huyek Corp.*, 61 F.R.D. 405, 409 (N.D.N.Y.1973).

In determining whether certain information should be classified as trade secrets and, therefore, subject to non-disclosure, the court must consider the following:

"(1) the extent to which the information is known outside of the business; (2) the extent to which the information is known to those involved in the business; (3) the extent of the measures taken to guard the secrecy of the information, (4) the value of the information to the business and its competitors;"

*Reliance Insurance Co. v. Barron's*, supra at 203; *United States v. International Business Machines Corp.*, supra at 47;

and (b) "the ease or difficulty with which information could be properly acquired by others."

*Playskool v. Famus Corp.*, supra at 16; *United States v. International Business Machines Corp.*, supra at 47.

It has been decided that in order to demonstrate good cause, "the injury which allegedly will result from disclosure must be shown with specificity, and that conclusory statements to the effect are insufficient." *Zenith Radio Corp. v. Matsushita Electric Industrial Co., Ltd.*, supra at 891.

The defendants have failed to sustain its burden of showing good cause. Defendants' motion simply alleges that "the documents have at all times been maintained as internal proprietary documents of Pall and contain valuable confidential technical information generated by Pall scientists." Such conclusory statements are insufficient to satisfy the burden of showing good cause. The defendant has listed the specific documents for which protection is desired. However, they have failed to specifically identify a clearly defined and serious injury that will occur in the event such documents are disclosed.

In response to defendants' motion, the plaintiff forwarded three effective arguments that warrant serious consideration. The plaintiff contends that: (1) the defendant seeks to protect documents that are accessible to the public; (2) the documents that are being considered for protection are vital to its defense in another proceeding; and (3) the defendant has not fulfilled its burden of demonstrating serious injury, which is required for the granting of a protective order. These critical issues were not addressed by the defendants.

The defendants failed to demonstrate that the documents that are being considered for protection are confidential commercial information; and that the harm it seeks to protect is cognizable. The defendants also failed to show the required good cause. Therefore, defendants' motion for protective order cannot be granted because of its failure to sustain the burden of proof necessary for such an order.

In closing, it is noted that Paragraph 5(a) of the outstanding protective order expressly precludes Cuno from using any confidentially disclosed information for any purpose outside this present litigation. It is prohibited from using this information to oppose the grant of a european patent to Pall or to defend itself in the lawsuit filed by Pall on Pall's British Patent. If Cuno cannot in good faith abide by that requirement, its representatives should not inspect these documents.

■ In its response, the plaintiff moved for attorney's fees on the ground that the defendants' allegations were unsubstantially justified. Under Rule 37(a)(4), if a motion is denied, the moving party shall be required to pay attorney's fees to the party who opposed the motion "unless the court finds that the making of the motion was substantially justified or that other circumstances make an award of expenses unjust." Fed.R.Civ.P. 37(a)(4). The standard for "substantial justification" remains to be established. Thus, the court must exercise its discretion in deciding whether the motion is substantially justified.

This court finds that the defendants were substantially justified in seeking the motion for protective order. Paragraph 17 of the Agreed Comprehensive Protective Order For Protection of Confidential Information provides the defendant with the option of moving for a protective order with respect to the specified documents, which is substantial justification for defendants' action. Motion denied. Attorney's fees denied.

SO ORDERED.