**INDIANA COAL COUNCIL, et al., Plaintiffs,**

v.

**Donald P. HODEL, et al., Defendants.**

**NATIONAL TRUST FOR HISTORIC PRESERVATION IN THE UNITED STATES, et al., Plaintiffs,**

v.

**Donald P. HODEL, et al., Defendants.**

**Civ. A. Nos. 87–1016, 87–1020.**

United States District Court, District of Columbia.

Jan. 25, 1988.

Warner W. Gardner, James R. Bird, D. Eugenia Langan, Shea & Gardner, Washington, D.C., for plaintiffs Indiana Coal Council.

Mark L. Morgan, Campbellsville, Ky., David A. Doheny, Vice President and General Counsel, NTHP Elizabeth S. Merritt, Asst. General Counsel, Washington, D.C., for plaintiffs National Trust for Historic Preservation in the U.S.

Lisa K. Hemmer, Alfred T. Ghiorzi, U.S. Dept. of Justice, Land and Natural Resources Div., Joseph M. Oglander, Dept. of the Interior, Office of the Sol., Washington, D.C., for defendants.

## ORDER

JOYCE HENS GREEN, District Judge.

This matter now comes before the Court on the motion of plaintiffs Indiana Coal Council, National Coal Association, and American Mining Congress ("industry") for reconsideration of the Magistrate's Order of December 1, 1987,[1] granting the motion of defendants to quash industry's deposition notice and subpoena and denying industry's motion to compel defendants to allow industry access to the "COALEX" data base maintained by defendants and the Mead Data Company.[2] For the reasons set forth below, industry's motion is granted in part and denied in part. The reliance of the Magistrate on Federal Rule of Civil Procedure 26(c)(7) is vacated, but his ruling is upheld.

After thoroughly reviewing the motions of the parties before the Magistrate, the transcript of the hearing, and the instant motion for reconsideration, the Court concludes that while industry's attempt to gain access to their opponent's legal research system is novel, it is barred by the

---

1. The National Trust for Historic Preservation in the United States, et al., plaintiffs in consolidated Civil Action No. 87–1020, generally support the position of industry plaintiffs, but also propose that the government conduct the search requests rather than provide direct access to COALEX. Neither defendants nor industry have pursued this suggestion, and it was specifically rejected by the Magistrate as unworkable. Transcript of Nov. 19, 1987 Hearing before the Magistrate, at 46–48.

2. COALEX is a "computer-assisted legal research system" accessible to certain Department of Interior employees through their computer terminals. Federal Defendants' Reply to Industry Plaintiffs' Motion for Reconsideration, at 1. Created at a cost of approximately $1.6 million, it contains the 5000-page legislative history of the Surface Mining Control and Reclamation Act ("SMCRA"), as well as information on federal and state regulatory programs, and judicial decisions. Appendix to Industry Plaintiffs' Motion for Reconsideration of Magistrate's Decision.

Because COALEX is maintained by Mead Data Central, industry could access COALEX through its subscription to LEXIS if access were permitted. While industry has no objection to an order limiting its searches to only certain COALEX files, defendants claim the necessary reconfiguration would cost approximately $2500.

most fundamental principle of discovery, that the coercive power of discovery can be invoked to uncover facts, but the task of researching the law is left to the parties themselves.[3]

## I. *The Magistrate's Ruling*

■ After considering the motions of the parties and conducting oral argument, the Magistrate concluded that COALEX was a "confidential research system" under Federal Rule of Civil Procedure 26(c)(7) and was, therefore, protected by a qualified privilege from discovery.[4] As industry points out in its motion for reconsideration, however, this argument was never raised by the parties in their briefs or in argument before the Magistrate, and defendants' post facto attempt to rationalize the decision on this basis is wholly unpersuasive. The record contains no indication of the Magistrate's reasoning behind his conclusion that COALEX constitutes "confidential research," and a review of the law does not support this conclusion. The Court finds, therefore, that his reasoning was erroneous. 28 U.S.C. § 636; Local Rule 503(c).

■ There is no dispute that the data in COALEX to which industry wants access (i.e., the legislative history including, for example, congressional reports) is in the public domain,[5] and in fact in the hands of industry's counsel; it cannot, therefore, be confidential. Apparently, the part of COALEX that the Magistrate considered "confidential" is the program used to search this data—the coding and commands that manipulate the files containing the legislative history. While this may reasonably be considered "confidential,"[6] it cannot, however, be deemed "research" in the common sense of the term.[7] Though there are no cases that satisfactorily illuminate the meaning of the term "confidential research" as used in Rule 26(c)(7), the conspicuous absence of cases involving legal research systems from the case law even further confirm that a data management system such as COALEX is not encompassed by the Rule.[8]

Finding, therefore, that the Magistrate's reliance on Rule 26(c)(7) was erroneous, the Court turns to reexamine the merits of the arguments of the parties based on Rule 26(b).

3. That a computer system is at issue here does not require application of different discovery principles. *Williams v. Owens–Illinois, Inc.*, 665 F.2d 918, 933 (9th Cir.1982), *cert. denied*, 459 U.S. 971, 103 S.Ct. 302, 74 L.Ed.2d 283 (1982) (citing Manual for Complex Litigation, 1 Pt. and 2 J. Moore, Federal Practice, Pt. 1, § 2.715 at 129 (2d ed. 1980)) ("[d]iscovery requests relating to the computer, its programs, inputs and outputs should be processed under methods consistent with the approach taken to discovery of other types of information").

4. Rule 26(c) provides that, upon motion by the person from whom discovery is sought and for good cause shown, a court may fashion a protective order to provide that a "trade secret or other *confidential research*, development, or commercial information not be disclosed or be disclosed only in a designated way." Fed.R. Civ.P. 26(c)(7) (emphasis added).

5. Defs. Mem. at 12–13 ("Defendants have never argued that the material in COALEX is confidential. We have always explained that it contains only publicly available information.... What is confidential is the search logic and the confidential library service which the Department has purchased from Mead.")

6. In addition to the legislative history, COALEX apparently contains non-public documents

which would be considered "confidential," *see Committee for Nuclear Responsibility, Inc. v. Seaborg*, 463 F.2d 788, 792 (D.C.Cir.1971); *Ernest and Mary Hayward Weir Foundation v. United States*, 508 F.2d 894, 895 n. 2 (2d Cir. 1974); *ISI Corp. v. United States*, 503 F.2d 558 (9th Cir.1974), but industry does not request access to these types of files, only to the public documents in the legislative history.

7. Webster's New World Dictionary (1968) defines "research" as "careful, systematic, patient study and investigation in some field of knowledge, undertaken to establish facts or principles."

8. *See Federal Open Market Committee v. Merrill*, 443 U.S. 340, 362 n. 24, 99 S.Ct. 2800, 2813 n. 24, 61 L.Ed.2d 587 (1979); *Cuno Inc. v. Pall Corp.*, 117 F.R.D. 506 (E.D.N.Y.1987); *American Standard, Inc. v. Pfizer, Inc.*, 828 F.2d 734 (Fed.Cir. 1987); *Empire of Carolina, Inc. v. Mackle*, 108 F.R.D. 323, 326 (S.D.Fla.1985); *United States v. Exxon Corp.*, 94 F.R.D. 250, 251 (D.D.C.1981); *Parsons v. General Motors Corp.*, 85 F.R.D. 724, 726 (N.D.Ga.1980); *Reliance Insurance Co. v. Barron's*, 428 F.Supp. 200, 203 (S.D.N.Y.1977); *Maritime Cinema Service Corp. v. Movies En Route, Inc.*, 60 F.R.D. 587, 590 (S.D.N.Y.1973).

## II. *Rule 26(b)*

■ Defendants rely on two parts of the Rule 26 in support of their position that they should not be compelled to give industry access to COALEX: (1) Rule 26(b), which generally provides that parties may obtain discovery regarding any matter, not privileged, which is relevant and (2) Rule 26(b)(3), which requires a party seeking materials prepared "in anticipation of litigation or trial" to show substantial need and undue hardship. Because the Court is persuaded that the information sought by industry is not even discoverable material, it need not consider whether defendants have satisfied the requirements of Rule 26(b)(3) that the material have been prepared "in anticipation of litigation." *See Exxon Corp. v. Department of Energy*, 585 F.Supp. 690, 700 (D.D.C.1983).

Industry has not cited any case where a court has compelled a party to turn over *legal* research resources to its opponent. Here, industry is not asking for "facts," but rather its counsel is asking for "law" through "access to COALEX." The legislative history of SMCRA, consisting of public documents, is clearly relevant to the issue before the Court, but it is "law" not "evidence." The Federal Rules are designed to provide parties access to the latter but not the former. *See Xaphes v. Merrill Lynch, Pierce, Fenner & Smith*, 102 F.R.D. 545, 554 (D.Me.1984) ("It is hornbook principle that the Federal Rules of Civil Procedure governing discovery are broadly construed and intended to contemplate discovery not only of *facts* that would be admissible at trial but also discovery of *facts* which, while perhaps themselves inadmissible will be the sources of other information the would be admissible at trial.' ") (emphasis added). Particularly in this type of case, involving administrative review, the "evidence" is generally the administrative record itself. *Doraiswamy v. Secretary of Labor*, 555 F.2d 832, 840 (D.C.Cir. 1976). The legislative history of SMCRA will be part of the legal argument made on behalf of different interpretations of the statutes and regulations, and not part of the record reviewed by the Court.

The cases where courts have compelled a party to either turn over computer programs or to conduct computer "runs" for an adversary involved the discovery of facts, i.e., either direct evidence or information that would lead to the discovery of admissible evidence. The multiple cases cited by industry show only that the courts have not provided any special protection for facts in computerized form. In *Donaldson v. Pillsbury Co.*, 554 F.2d 825 (8th Cir.1977), *cert. denied*, 434 U.S. 856, 98 S.Ct. 177, 54 L.Ed.2d 128 (1977), for example, the Eighth Circuit Court of Appeals noted approvingly decisions requiring defendants to produce documents in computer-readable form because it would be "more easily subjected to analysis." *Id.* at 832. But *Donaldson*, and the two cases cited therein, *Adams v. Dan River Mills, Inc.*, 54 F.R.D. 220, 222 (W.D.Va.1972) and *United States v. Davey*, 404 F.Supp. 1283 (S.D.N.Y.1975), *modified*, 543 F.2d 996 (2d Cir.1976), all involved plaintiffs seeking *factual* evidence in support of their claims. In *Donaldson*, an employment discrimination action, plaintiff sought to obtain a computer readout "which would disclose the employees at [the defendant's] headquarters during the applicable period by name, race, sex, job, and pay." *Id.* at 832. *Adams* was similarly a discrimination action where plaintiff sought computer cards or tapes and W–2 printouts to prepare accurate statistics regarding defendant's alleged discriminatory practices. 54 F.R.D. at 221. *See also Williams v. Owens–Illinois, Inc.*, 665 F.2d 918, 932 (9th Cir.1982), *cert. denied*, 459 U.S. 971, 103 S.Ct. 302, 74 L.Ed.2d 283 (1982); *Fautek v. Montgomery Ward & Co., Inc.*, 96 F.R.D. 141, 146 (N.D. Ill.1982). The other cases where courts have ordered access to computer resources involve either actions against taxpayers who have maintained financial information in computerized form, *see, e.g., Davey*, 404 F.Supp. at 1283; *United States v. Liebert*, 519 F.2d 542, 550 (3d Cir.1975), *cert. denied*, 423 U.S. 985, 96 S.Ct. 392, 46 L.Ed.2d 301 (1975), or cases involving computer products. *United States v. I.B.M.*, 76 F.R. D. 97 (S.D.N.Y.1977); *National Union Electric Corp. v. Matsushita Electrical*

*Co., Ltd.*, 494 F.Supp. 1257 (E.D.Pa.1980). Thus, while industry's suggestion that courts have compelled access to computer resources is quite true, the cases are readily distinguished by the factual nature of the inquiry.

Further confirming this conclusion that access to COALEX should not be compelled is industry's failure to present a tenable distinction between its request for access to COALEX in this case and other parallel situations that could hardly be contemplated by the Federal Rules, *e.g.*, if a party were to ask for access to another party's legal library because the latter has a certain superior series of reporters or if industry did not subscribe to LEXIS and requested access to the Department of Justice's "JURIS" legal research system. To compel access to COALEX in this case would set an unworkable precedent and would violate basic discovery principles.

■ The only other issue requiring comment here is the new argument raised by industry in its motion for reconsideration that defendants have somehow "waived" their defense to a motion to compel because they have allowed members of the Interstate Mining Compact Commission ("IMCC") access to COALEX for the purpose of answering factual and legal inquiries from the IMCC's state members. Appendix to Industry Plaintiffs' Motion for Reconsideration of Magistrate's Decision. Even though industry has demonstrated that defendants are capable of conducting the type of search request made by industry and presented serious questions regarding defendants' claims that COALEX is used principally in support of litigation, access by the IMCC staff does not constitute waiver.[9] Neither is the fact that the Department of the Interior has allowed public access to a similar computer program called ALLEX, which includes the legislative history of the Alaska Native Claims Settlement Act, relevant to the instant motion.

For the reasons set forth above, the Court shall not compel defendants to provide industry direct access to COALEX. Nonetheless, the Court cannot help but observe that COALEX appears to be a highly valuable legal research tool and in the interests of the efficient administration of justice, defendants' reluctance even to conduct limited search requests for the plaintiffs (without providing direct access) seems wholly unreasonable. Accordingly, the Court wishes to make clear that nothing in this Order precludes the parties from reaching a mutually satisfactory agreement that would provide, for example, that plaintiffs submit to defendants specific, limited search requests for the relevant legislative history on COALEX. It is unfortunate that such an agreement could not have been reached several months ago when this issue was first raised.

Accordingly, it is hereby

ORDERED that the December 1, 1987 Order of the Magistrate granting the motion of defendants' to quash industry's notice and subpoena and denying industry's motion to compel be and it hereby is vacated as to its reliance on Federal Rule of Civil Procedure 26(c)(7) but affirmed on the basis of Rule 26(b); and it is

---

**9.** Industry contends that at least two of the states to which OSM provides these COALEX reports have "for most of the decade since enactment been contesting the validity of the OSM regulations in court litigation." Industry's Mem. at 12. The cases cited by industry for the proposition that this constitutes waiver, however, involve intentional disclosure of the privileged information to an adversary in the specific litigation at issue or to others where the possibility that an opposing party could obtain the information was "substantially increased." *See Chubb Integrated Systems v. National Bank of Washington*, 103 F.R.D. 52 (D.D.C.1984); *Grumann Aerospace Corp. v. Titanium Metals Corp.*, 91 F.R.D. 84, 89 (E.D.N.Y.1981).

Here, not only are the states not parties to this litigation, but their search requests did not require any disclosure of the confidential part of COALEX, i.e., the program or search system itself, since the searches were conducted under contract with the IMCC. Neither do the search requests in the Appendix provided by industry show that the searches were made in the context of specific litigation by the states against the government or on the topic at issue in this case.

Industry's interpretation of waiver of privilege is overbroad and unpersuasive. *See supra; In re Doe*, 662 F.2d 1073, 1079 (4th Cir.1981), *cert. denied*, 455 U.S. 1000, 102 S.Ct. 1632, 71 L.Ed.2d 867 (1982).

FURTHER ORDERED that the motion for costs and fees related to the motion for reconsideration by both industry and the government be and they hereby are denied.

IT IS SO ORDERED.