**UNITED STATES of America, Plaintiff,**

v.

**EXXON CORPORATION, Defendant.**

Civ. A. No. 78–1035.

United States District Court,
District of Columbia.

Nov. 30, 1981.

John N. Hanson, Maryann Clifford, Dept. of Justice, Dean S. Cooper, Dept. of Energy, Paul Wallach, Larry P. Ellsworth, Richard Levie, Civ. Div., Dept. of Justice, Washington, D. C., for plaintiff.

David J. Beck, Ronald D. Secrest, Fulbright & Jaworski, Houston, Tex., David R. Johnson, John M. Simpson and Maury S. Epner, Fulbright & Jaworski, Washington, D. C., and Barbara Finney, Exxon Corp., Houston, Tex., for defendant.

## MEMORANDUM OPINION

FLANNERY, District Judge.

This matter comes before the court on Exxon's motion for a protective order. Exxon seeks to have this court impose narrow restrictions on the release of various documents to the public. Exxon claims that these 500 documents contain proprietary information, the release of which would substantially harm Exxon's competitive posture. The government contends that Exxon has failed to demonstrate that release of the documents would cause the corporation any appreciable harm at all. In addition, the government maintains that the particular protective order sought by Exxon is excessively burdensome and will interfere with the government's legitimate interests in the information.

Fed.R.Civ.P. 26(c) provides, in pertinent part:

> Upon motion by a party or by the person from whom discovery is sought, and for *good cause* shown, the court in which the action is pending may make any order which justice requires to protect a party or persons from annoyance, embarrassment, oppression or undue burden of expense, including: (2) that the discovery may be had only on specified terms and conditions; (7) that a trade secret or other confidential research, development or commercial information not be disclosed or be disclosed only in a designated way; (8) that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court.

The relevant documents are already in the possession of the government. Exxon argues that there is good cause for mandating that the United States not release the documents to the public at this time and

that the government return the documents to Exxon at the termination of this litigation. Further, Exxon desires that the court require that any motions prepared by the United States containing the allegedly confidential information be filed under seal with the court. There is currently in place a temporary protective order pursuant to this court's order of August 20, 1981. That order also required Exxon to file "a Vaughn index for each document . . . and a memorandum of law establishing its entitlement to a permanent protective order for each document." (Emphasis supplied). Exxon has filed a Vaughn index which lists the relevant documents but which does not specify the precise injury that would be suffered by the defendant if any of the documents are released. In addition, Exxon has filed a brief memorandum which places 340 of the documents (160 are apparently not referred to in the memorandum) in general categories of confidential information but again does not specify how each particular document will cause substantial harm to the company if it is released.

To establish good cause under Rule 26(c) the courts have generally required a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements. . . ." 8 Wright & Miller, Federal Practice and Procedure § 2035 at 265 (1970); *see e.g., Reliance Insurance Co. v. Barrons*, 428 F.Supp. 200, 202–03 (S.D.N.Y.1977); *Davis v. Romney*, 55 F.R.D. 337, 340 (E.D.Pa.1972). With respect to the claim of confidential business information, this standard demands that the company prove that disclosure will result in a "clearly defined and very serious injury to its business." *United States v. IBM Corp.*, 67 F.R.D. 40, 46 (S.D.N.Y.1975). *See also Essex Wire Corp. v. Eastern Electric Sales Co.*, 48 F.R.D. 308, 310 (E.D.Pa.1969) ("great competitive disadvantage and irreparable harm" must be demonstrated to sustain a protective order).

In addition, the District of Columbia Circuit has held that the requirement for specific demonstration of egregious injury is "constitutionally mandated when the order restricts expression," as would the order requested by Exxon here. *In Re Halkin*, 598 F.2d 176 (D.C.Cir.1979); *see also Chase v. Robson*, 435 F.2d 1059 (7th Cir. 1970). In *Halkin*, the court held that a protective order disallowing dissemination of materials gained through discovery could not be "based on a record that reveals only naked speculation" that the release of various documents would cause significant injury to the defendant's right to a fair trial. 598 F.2d at 193. Only a judicial order restricting the release of documents which the court specifically concludes would pose a "concrete threat to an important . . . interest" is sustainable under the *Halkin* standard. *Id.* at 195.

Applying these standards to the instant case, it is evident that Exxon has not made the particularized showing necessary to sustain the protective order it seeks. As noted, its *Vaughn* index simply describes the various documents at issue but does not explicate how *each* document will cause concrete harm, as required by *Halkin* and this court's former ruling. The memorandum of law provided with the index lumps documents into general categories, such as documents relating to "specially developed Exxon business procedures, financial practices and accounting techniques," materials containing "highly confidential information relating to price, cost, volume of sales and the amounts of royalties collected and dispensed at various properties," documents containing "technical information related to new developments or proposals at various properties" and so forth. As with the *Vaughn* index submitted by Exxon, the memorandum of law makes no effort to specify how individual documents will cause flagrant harm to Exxon's economic stature if released.

Even if Exxon had tried to make some kind of particularized demonstration of injury it is clear that the vast majority of the documents at issue do not contain information which would in any way harm Exxon's competitive position. Much of the information concerns interpretations of and mechanisms for complying with governmental programs which are no longer even in exist-

ence. Further, documents containing accounting procedures, net profits and production data would appear to be completely out of date; the information is all *at least* five years old. Exxon asserts that "even Exxon documents which are over four years old contain important financial facts and data pertinent to Exxon's ongoing business practices, strategies, and accounting systems and reveal confidential processes by which Exxon makes business decisions." Defendant's Motion to Compel at 5. But once again, Exxon fails to isolate particular documents in the relevant age bracket which will reveal ongoing business practices. *In Re Halkin* precludes this court from simply accepting as true the vague and conclusory generalizations furnished in Exxon's pleadings and supporting affidavits.

Thus, most of the documents sought to be protected could not even arguably cause injury to Exxon if injected into the public domain. Moreover, as noted, Exxon has not even bothered to furnish a general rationale for placing restrictions on 160 of the documents they initially indicated are confidential. In light of these facts, and Exxon's failure to specify the basis for protecting *each* document, as required by this court's prior order and *In Re Halkin*, the defendant's motion for a protective order is denied and the temporary protective order is dissolved.