**Secontine DeFELICE, Plaintiff,**

v.

**CONSOLIDATED RAIL CORP., Defendant.**

**Civ. A. No. 87–2289.**

United States District Court, W.D. Pennsylvania.

March 9, 1989.

The total amount to be awarded to defendants in connection with Affidavit # 2 will be as follows:

Emil R. DiNardo, Collins, Collins, DiNardo, P.C., Buffalo, N.Y., for plaintiff.

Byrd R. Brown, Pittsburgh, Pa., for defendant.

## MEMORANDUM ORDER

COHILL, Chief Judge.

Presently before this Court is plaintiff's Motion for a Protective Order. Plaintiff has withdrawn the part of its motion requesting the Court to stay currently pending investigations under the Railway Labor Act. For the reasons that follow, we will deny the Motion for a Protective Order.

Plaintiff seeks the protective order, prohibiting defendant Consolidated Rail Corporation (Conrail) from requesting that Mr. DeFelice file with the railroad certain medical forms known as MD–12B forms. According to the defendant, Conrail requires that all disabled workers on leave from the railroad submit these forms, which are prepared by the employee's physician, as proof of continuing disability. Conrail asserts that the forms provide certification of disability status so that the employee can continue to receive benefits and retain seniority under the collective bargaining agreement.

Initially, we note that plaintiff has stated that "any information requested on the MD–12B is simply duplicative of information that the plaintiff's attorney has already freely provided." Plaintiff's Memorandum at 3. Thus, we need not consider whether plaintiff is unduly prejudiced by a

requirement that the particular information be provided.

The gist of plaintiff's argument is that defendant's requests for submission of the MD–12B forms constitute communications between plaintiff and defendant, over the objections of plaintiff's counsel, while engaged in litigation and in violation of the Federal Rules of Civil Procedure. Plaintiff cites Fed.R.Civ.P. 26(c), which permits a court to limit discovery, "for good cause shown," if the discovering party seeks to annoy, embarrass, oppress or place undue burden or expense on the other party.

Although we agree that under some circumstances, such communications may be improper, we find that the communications here arise in a context other than the instant litigation; specifically these communications arise out of the collective bargaining agreement between Conrail and Mr. DeFelice, as a member of the union.

Rule 98 of the collective bargaining agreement provides for leaves of absence. The rule provides that a trainman must have a written leave of absence for an absence exceeding thirty consecutive days. Without such a written authorized absence, the trainman loses his seniority. Section (k) of Rule 98 provides an exception: such a leave of absence is not required when a trainman is unable to perform services due to a bonafide sickness or injury.

Conrail implements section (k) by use of the MD–12B form which is entitled "Follow-up report of injury on duty or occupational illness." By means of the form Conrail requests the following information: (1) the next medical appointment date; (2) the current treatment; (3) any change in medical status; (4) diagnosis; (5) whether or when the patient will be able to resume work; (6) and whether the patient was referred to anyone.

We note that, to the extent the MD–12B form implements the collective bargaining agreement, this court lacks jurisdiction to determine whether use of the MD–12B form constitutes correct internal policy under the collective bargaining agreement. *See Lewy v. Southern Pacific Transportation Co.*, 799 F.2d 1281, 1289 (9th Cir.1986) (Railway Labor Act provides that disputes arising out of the interpretation of agreements cannot be litigated but must be arbitrated.)

The form does not request findings from a physical examination, results of tests, or any medical conclusion other than a diagnosis. Thus, Fed.R.Civ.P. 35, which governs physical and mental examinations of a party, does not form a basis for a discovery violation in this case.

Even assuming, *arguendo*, that the MD–12B form defendant requests in this case falls within the scope of the discovery rules, Rule 26 imposes upon the party requesting a protective order the burden of showing "good cause" why the discovery should not be permitted. *Smith v. BIC Corp. and Societe BIC, S.A.*, 869 F.2d 194, 199 (3d Cir.1989). Courts have insisted on a particular and specific demonstration of fact, as distinguished from conclusory statements, in order to establish good cause. 8 C. Wright & A. Miller, *Federal Practice and Procedure*, § 2035 (1970). Moreover, when the party seeking a protective order alleges that the discovering party is harassing or annoying it, the harassment or oppression should be so unreasonable as to justify restricting discovery. *Id.* at § 2036.

In *Cipollone v. Liggett Group, Inc.*, 822 F.2d 335 (3d Cir.), *cert. denied*, —— U.S. ——, 108 S.Ct. 487, 98 L.Ed.2d 485 (1987), the United States Court of Appeals for the Third Circuit reiterated the standard for "good cause" under Rule 26(c):

"... the party seeking the protective order must show good cause by demonstrating a particular need for protection. Broad allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test.... Moreover, the harm must be significant, not a mere trifle."

*Cipollone*, 822 F.2d at 343 (quoting *Cipollone v. Liggett Group, Inc.*, 785 F.2d 1108, 1121 (3d Cir.1986)).

Even if we were to consider the request for the MD–12B form to be some type of discovery, we do not find that plaintiff here is being unreasonably harassed. His attorney is aware that Conrail regularly re-

quires an absent worker to submit this form as a matter of policy under the collective bargaining agreement. Furthermore, plaintiff admits that all the information requested on the form has been revealed to the defendant railroad. The focus of plaintiff's objections seems to be that he must fill out these forms repeatedly; therefore, we assume that the plaintiff asserts mere inconvenience as a result of the railroad's policy.

Plaintiff objects that the forms are provided to Conrail's medical department which shares the information on the forms with the legal claims department, among other departments. Plaintiff's Memorandum at 3. In support of this contention, plaintiff states that defendant used a return date taken from the MD–12B form in defendant's pretrial statement. However, we cannot conclude that the information sought on the form has been misused in light of plaintiff's admission that no facts have been revealed on the form that defendant has not received through the usual discovery channels. In short, even if we were to conclude that these forms constitute a type of discovery, we do not find the necessary showing of good cause why the material could not be discovered. *See United States v. Exxon Corp.*, 94 F.R.D. 250, 251 (D.D.C.1981) (stating that party opposing discovery may not obtain a protective order absent showing of well-defined, serious injury or irreparable harm.)

Plaintiff also raises the question of an ethical violation, stemming from communications defendant has had with plaintiff in regard to the MD–12B form. Plaintiff states that since he is represented by an attorney in the litigation, defendant is violating the A.B.A. Code of Professional Responsibility, DR 7–104, by contacting the plaintiff directly. Plaintiff's Memorandum at 6.

The Pennsylvania Rules of Professional Conduct establish the current standards for attorneys practicing in Pennsylvania. Under Rule 4.2 the Rules do not prohibit communications with a person represented by counsel on matters outside the representation. In this case, plaintiff maintains that the communication regarding the MD–12B form falls within the context of the litigation, but to some extent, this argument attempts to give apples and oranges the same name. Plaintiff has a relationship with defendant vis-a-vis this litigation, and in all matters concerning that relationship, communications should go through counsel. However, plaintiff also has a relationship with Conrail as an absent employee; as such he has an obligation under the collective bargaining agreement. To the extent plaintiff believes anything in that employment. relationship is being improperly implemented, he should challenge the policy through the established arbitration procedures.

The Comment to Rule 4.2 states that "parties to a matter may communicate directly with each other and a lawyer having independent justification for communicating with the other party is permitted to do so." In the first instance, we do not find that Conrail's attorney has communicated with Mr. DeFelice with regard to these MD–12B forms. Moreover, we find that use of the forms is not a discovery device, but a part of company policy under the collective bargaining agreement.

AND NOW, to wit, this 9th day of March, 1989 it is ORDERED, ADJUDGED and DECREED that plaintiff's Motion for a Protective Order be and hereby is DENIED.