See also 776 F.Supp. 1360.

**OPERATIVE PLASTERERS' & CEMENT MASONS' INTERNATIONAL ASSOCIATION OF the UNITED STATES AND CANADA AFL–CIO, et al., Plaintiffs,**

v.

**James E. BENJAMIN, Defendant.**

**No. S91–239 (RLM).**

United States District Court, N.D. Indiana, South Bend Division.

Oct. 15, 1992.

Barry A. Macey, Indianapolis, Ind. and R. Richard Hopp, Washington, D.C., for plaintiffs.

Charles L. Berger, Evansville, Ind., for defendant.

## MEMORANDUM AND ORDER

PIERCE, United States Magistrate Judge.

On May 29, 1992, defendant, James E. Benjamin, served notices to take the oral depositions of four individuals at the offices of Mr. Benjamin's counsel in Evansville, Indiana. The notices identified the proposed deponents as "Mr. Beam," "Vince Panepinto," "Dominic Martell" and "Mr. Martinez," and stated that the depositions

were being taken pursuant to "Federal Rules of Civil Procedure 26, 30(b)(6) and 32(a)(2)." All of the named individuals are present or former officers of plaintiff Operative Plasterers' & Cement Masons' International Association of the United States and Canada AFL–CIO (the "International"), which has its principal office in Washington, D.C. According to plaintiffs, Robert T. Beam, Vice President of the International and General Executive Board Member, lives near San Francisco, California; Vincent J. Panepinto, International General President, is a Virginia resident; Dominic Martell, International General Secretary–Treasurer, also resides in Virginia; and Harry D. Martinez, Jr., retired Vice President of the International, lives near Los Angeles, California.

On July 16, 1992, plaintiffs filed a motion for protective order, requesting "(1) that these depositions not be held, Fed.R.Civ.P. 26(c)(1), or in the alternative (2) that the scope of the depositions be limited to certain matters, Fed.R.Civ.P. 26(c)(4), or (3) that the information may be acquired only by a method of discovery other than that selected by the Defendant, Fed.R.Civ.P. 26(c)(3), (4) that the depositions be held only at a designated place, Fed.R.Civ.P. 26(c)(2) or (5) that the Defendant enter into an appropriate confidentiality agreement, Fed. R.Civ.P. 26(c)(6) and (7)." Mr. Benjamin subsequently filed a motion to compel discovery on August 6, 1992, and a memorandum in opposition to plaintiff's motion for protective order and in support of his motion to compel on August 28, 1992. In his memorandum in opposition, Mr. Benjamin argues that he properly gave notice to take the depositions; that the information sought is relevant and necessary to adequately defend this action; and that there are no justifiable grounds for restricting or limiting his discovery by these depositions.

Plaintiffs' initial objections are concerned with the propriety of the deposition notices. In this regard, plaintiffs maintain that Rule 30(b)(6) does not authorize Mr. Benjamin to select who will be the plaintiffs' organizational representatives, and that Mr. Benjamin has failed to "describe with reasonable particularity the matters on which exami-nation is requested," as required by Rule 30(b)(6). The court must agree that the deposition notices are defective.

■ Prior to the 1970 amendments to the Federal Rules of Civil Procedure, a party seeking to take the deposition of a corporation, partnership, association, or government agency was required to identify the official to be deposed on behalf of the organization. 4A J. Moore, J. Lucas & D. Epstein, *Moore's Federal Practice* ¶ 30.-57[13] (2d ed 1992). Rule 30(b)(6), which was added in 1970, provided an alternative procedure for taking the deposition of an organization. Under this procedure, the party taking the deposition need only describe the subject matter of the examination, and the organization is then required to select and produce the persons who will testify on its behalf. Rule 30(b)(6) thus provides as follows:

A party may· in the party's notice and in a subpoena *name as the deponent* a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, *the organization so named* shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such designation. *The persons so designated shall testify as to matters known or reasonably available to the organization.* This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

(emphasis supplied.)

In this case, the deposition notices state that the depositions are being taken pursuant to Rule 30(b)(6), but they are otherwise inconsistent with the procedure described in Rule 30(b)(6). They name specific individuals as the deponents, rather than an organization; they fail to describe the subject matter of the proposed examination;

and they give no indication, apart from the bare citation of Rule 30(b)(6), that the deponents were expected to testify on behalf of the International. Certainly, this is not to say that Mr. Benjamin is precluded from taking the deposition of the International through its officials and representatives— just that he did not follow the proper procedure if that was what he was trying to accomplish.

■ Mr. Benjamin could have named particular officers to testify on behalf of the International, and he could have done so without being required to specify the subject matter of his proposed examination, by simply noticing the depositions under Rule 30(b)(1), and by indicating that the persons named would be expected to testify on behalf of the International. That would have been the customary practice prior to the adoption of Rule 30(b)(6), and it remains an available alternative for a party who is aware of a particular individual possessing the authority to testify on behalf of an organization on a desired subject. *See Moore v. Pyrotech Corp.*, 137 F.R.D. 356, 357 (D.Kan.1991); *GTE Products Corp. v. Gee*, 115 F.R.D. 67, 68 (D.Mass.1987); *Sugarhill Records Ltd. v. Motown Record Corp.*, 105 F.R.D. 166, 169 (S.D.N.Y.1985); 4A J. Moore, J. Lucas & D. Epstein, *Moore's Federal Practice* ¶ 30.57(13) (2d ed 1992); 8 Wright & Miller, *Federal Practice and Procedure:* Civil § 2103, at 374–75 (1970).

■ Because the deposition notices here are defective under Rule 30(b)(6), plaintiffs' motion for protective order is granted with respect to the depositions as noticed. Mr. Benjamin, however, may proceed with the depositions of Mr. Beam, Mr. Panepinto and Mr. Martell, upon proper notice under Rule 30(b)(1). Each deposition notice should clearly indicate that the deposition is being taken of the organization through the named official or representative. The person designated in the notice will then be expected to testify to matters known or reasonably available to the organization, as under Rule 30(b)(6).

■ Mr. Benjamin's proposal to take the deposition of Mr. Martinez as an official or representative of the International presents a further problem. Plaintiffs have indicated, without contradiction, that Mr. Martinez is retired. Consequently, Mr. Martinez would no longer have the authority to testify on behalf of the International, and certainly the International would have no control over him or obligation to produce him for a deposition on its behalf, whether under Rule 30(b)(1) or Rule 30(b)(6). Plaintiffs' motion for protective order is, therefore, granted with respect to the deposition of Mr. Martinez. Should Mr. Benjamin wish to take the deposition of Mr. Martinez regarding matters within his knowledge, he must proceed as in the case of any other individual non-party witness residing beyond this court's subpoena range. *See Harris Corp. v. Amperex Electronic Corp.*, No. 86 C 6338, slip op., 1987 WL 10989 (N.D.Ill. May 8, 1987) (1987 U.S.Dist. LEXIS 14108); 4 J. Moore, J. Lucas & G. Grotheer, *Moore's Federal Practice* ¶ 26.70[1.–1] (2d ed. 1991).

■ Plaintiffs further contend that they are entitled to a protective order directing that the discovery either not be had or that it be limited because the anticipated testimony would not be relevant to the subject matter of the present action. The court, however, believes that Mr. Benjamin has made a sufficient, though minimal, showing that the depositions would be reasonably calculated to lead to the discovery of admissible evidence and would be relevant to the subject matter of this action, including his defenses. *See* 8 Wright & Miller, *Federal Practice and Procedure* § 2008 at 46–47 (1970). Consequently, plaintiffs' request for an order limiting the scope of the depositions, or directing that they not be had, is denied.

Plaintiffs also maintain that Mr. Benjamin should be required to utilize alternative and less oppressive discovery devices in lieu of oral depositions or that the court should not require the individual deponents to travel the long distances between their present locations and the offices of Mr. Benjamin's counsel in Evansville, Indiana. The court declines to order that the proposed discovery be conducted other than by

oral deposition, but the court does consider it appropriate to require that the depositions be taken at the International's principal place of business in Washington, D.C.

■■■ Customarily, the deposition of an organization, through its officers or agents, should be taken at its principal place of business, unless justice requires otherwise. *Moore*, 137 F.R.D. at 357; *Dollar Systems, Inc. v. Tomlin*, 102 F.R.D. 93 (M.D.Tenn.1984); *Dunn v. Standard Fire Ins. Co.*, 92 F.R.D. 31, 32 (D.Tenn.1981); 4 J. Moore, J. Lucas & G. Grotheer, *Moore's Federal Practice* ¶ 26.70[1.–4] (2d ed. 1991); 8 Wright & Miller, *Federal Practice and Procedure:* Civil § 2112, at 410 (1970). Although it is also well-established that "a plaintiff having selected a particular forum for the adjudication of his case should be prepared to answer a notice of deposition in that locality," *Ellis Air Lines v. Bellanca Aircraft Corp.*, 17 F.R.D. 395, 396 (D.Del. 1955); *de Dalmady v. Price Waterhouse & Co.*, 62 F.R.D. 157, 158 (D.P.R.1973), this principle loses weight where, as here, the plaintiff had no choice of forum. *Ellis Air Lines*, 17 F.R.D. at 396.

■■■ In this case, justice does not require a departure from the general rule that the deposition of an organization should be taken at its principal place of business. Plaintiffs maintain that none of the named individuals has personal knowledge of Mr. Benjamin's actions as alleged in the complaint. Their apparently minimal involvement is also suggested by the fact that Mr. Benjamin scheduled their depositions at one-hour intervals. These circumstances suggest that Mr. Benjamin, rather than the International and its officers, should assume the expense and inconvenience of obtaining this discovery. Accordingly, the court will require that the depositions of Mr. Beam, Mr. Panepinto and Mr. Martell be conducted, upon proper notice, at the International's principal place of business.

As a final matter, plaintiffs assert that a protective order is needed in order to preserve the confidentiality of information developed through the depositions and to prevent its disclosure to a rival third-party organization, the Laborers District Counsel No. 57. The use of a protective order to prevent the disclosure of confidential information is described in Fed.R.Civ.P. 26(c) which provides, in pertinent part, as follows:

> Upon motion by a party or by the person from whom discovery is sought, and for good cause shown, the court in which the action is pending ... may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including ... (7) that a trade secret or other confidential research, development, or commercial information not be disclosed or be disclosed only in a designated way....

■■■ Under these provisions, the party seeking a protective order bears the burden of demonstrating "good cause" to support the issuance of such an order. *Baker v. Liggett Group, Inc.*, 132 F.R.D. 123, 125 (D.Mass.1990); *Litton Industries v. Chesapeake & Ohio Ry.*, 129 F.R.D. 528, 529 (E.D.Wis.1990); *Cuno Inc. v. Pall Corp.*, 117 F.R.D. 506, 508 (E.D.N.Y.1987); *U.S. v. Hooker Chemicals & Plastics Corp.*, 90 F.R.D. 421, 425 (W.D.N.Y.1981). "To successfully carry the burden of establishing good cause, a party moving for a protective order must demonstrate a particular need for protection. There must be evidence that a clearly defined and serious injury will result if discovery is allowed." 2 Shepard's, *Discovery Proceedings In Federal Court* § 10.2, at 4–5 (2d ed. 1991). In this regard, courts have generally required a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements...." 8 C. Wright & A. Miller, *Federal Practice And Procedure* § 2035, at 265 (1970); *see Anderson v. Cryovac, Inc.*, 805 F.2d 1, 7 (1st Cir.1986); *United States v. Exxon Corp.*, 94 F.R.D. 250, 251 (D.D.C.1981); *Hooker*, 90 F.R.D. at 425; *Reliance Insurance Co. v. Barron's*, 428 F.Supp. 200, 202–03 (S.D.N.Y.1977). Where, as here, a party is seeking protection with respect to confidential business information, it must demonstrate that the information sought is, indeed, confidential and that disclosure

might be harmful to its business. *American Standard Inc. v. Pfizer Inc.*, 828 F.2d 734, 740 (Fed.Cir.1987); *Exxon*, 94 F.R.D. at 251; *Parsons v. General Motors Corp.*, 85 F.R.D. 724, 726 (N.D.Ga.1980); *United States v. IBM Corp.*, 67 F.R.D. 40, 46 (S.D.N.Y.1975).

 Plaintiffs' showing in this case is insufficient. They have failed to describe, with any degree of particularity, the nature of the information sought to be protected, why it is confidential, and how disclosure might be harmful to their organizations. Plaintiffs' request for a protective order prohibiting disclosure of information developed during the depositions is, therefore, denied.

For the foregoing reasons, plaintiffs' motion for protective order is GRANTED, in part, and DENIED, in part, and Mr. Benjamin's motion to compel discovery is DENIED. Within seven (7) days of this date, counsel for plaintiffs and defendant shall consult for the purpose of making arrangements for the depositions of Mr. Beam, Mr. Panepinto and Mr. Martell, in accordance with this order, provided that defendant still wishes to proceed with the taking of those depositions. If so, such depositions shall be concluded within twenty (20) days of this date. Defendant shall thereafter file his response to plaintiffs' motion for partial summary judgment, within forty-five (45) days of this date.

SO ORDERED.