## 2007 OK 77

**CREST INFINITI II, LP, d/b/a Crest Infiniti, Crest Infiniti/Cadillac/Olds Isuzu; Crest Auto Group, Van Enterprises, and VT, Inc., Petitioners,**

v.

**Honorable Barbara G. SWINTON, District Judge of the 7th Judicial District Court Oklahoma County, Respondent.**

**No. 104,884.**

Supreme Court of Oklahoma.

Oct. 9, 2007.

As Corrected Oct. 10 and Oct. 17, 2007.

Paul A. Bezney, Tracy L. Stoker, Adkerson, Hauder & Bezney, P.C., Dallas, TX, for Petitioners Crest Infiniti II L.P. d/b/a Crest Infiniti; Crest Infiniti/Cadillac/Olds Isuzu, and Crest Auto Group; Van Enterprises; and VT, Inc.

Derrick Teague, Jeffrey W. Miller, Jennings, Cook & Teague, Oklahoma City, OK, for Petitioners Crest Infiniti II L.P. d/b/a Crest Infiniti; Crest Infiniti/Cadillac/Olds Isuzu, and Crest Auto Group; Van Enterprises; and VT, Inc.

Steven E. Holden, Michael L. Carr, S. Travis Dunn, Holden Carr & Skeens, Tulsa, OK, for Petitioners Crest Infiniti II L.P. d/b/a Crest Infiniti; Crest Infiniti/Cadillac/Olds Isuzu, and Crest Auto Group.

J. Logan Johnson, E. Edd Pritchett, Jr., Katherine T. Loy, Durbin, Larimore & Bialick, Oklahoma City, OK, for Real Party in Interest, Brent Edward Sykes, individually, and as personal representative of the estate of Traci Renae Sykes.

Ed Abel, Lynn B. Mares, Kelly S. Bishop, Abel Law Firm, Oklahoma City, OK, for Real Parties in Interest, Rodney Eischen & Shannon Eischen.[1]

EDMONDSON, V.C.J.

¶1 Petitioners seek extraordinary relief because the order of the trial court requires the attendance of Cecil Van Tuyl and Larry Van Tuyl for depositions via notice to petitioners' counsel, although the named individuals are not named parties. Cecil was no-

---

1. Counsel is listed in an opinion based upon an entry of appearance filed by that lawyer. *State ex rel. Oklahoma Board of Medical Licensure and* *Supervision v. Pinaroc,* 2002 OK 20, n. 1, 46 P.3d 114.

ticed to appear in Overland Park, Kansas, and Larry in Phoenix, Arizona. The notices are directed to the named petitioners and specify the named individuals to be deposed. This controversy involves first-impression issues involving procedures for compelling the attendance of corporate officials for deposition. We assume original jurisdiction pursuant to Okla. Const. Art. 7 § 4 to address a first-impression issue. *Christian v. Gray,* 2003 OK 10, ¶ 3, 65 P.3d 591, 596.

 ¶ 2 We may look to discovery procedures in the federal rules when construing

**2.** Fed.R.Civ.P. 30(a)(1):

(1) A party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court except as provided in paragraph (2). The attendance of witnesses may be compelled by subpoena as provided in [Fed.R.Civ.P.] Rule 45. (Citation added to original).
12 O.S.Supp.2005 § 3230(A)(1):
1. A party may take the testimony of any person, including a party, by deposition upon oral examination without leave of court except as provided in paragraph 2 of this subsection. The attendance of witnesses may be compelled by subpoena as provided in [12 O.S.Supp.2002] Section 2004.1 of this title. (Citation added to original).

**3.** Fed.R.Civ.P. 30(b)(1):

(1) A party desiring to take the deposition of any person upon oral examination shall give reasonable notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs. If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced as set forth in the subpoena shall be attached to, or included in, the notice.
12 O.S.Supp.2005 § 3230(C)(1):
A party desiring to take the deposition of any person upon oral examination shall give notice in writing to every other party to the action. The notice shall state the time and place for taking the deposition and shall state the name and address of each person to be examined, if known, and, if the name is not known, a general description sufficient to identify the person or the particular class or group to which the person belongs. The notice shall be served in order to allow the adverse party sufficient time, by the usual route of travel, to attend, and three (3) days for preparation, exclusive of the day of service of the notice.

similar language in the Oklahoma Discovery Code. *Scott v. Peterson,* 2005 OK 84, ¶ 22, 126 P.3d 1232, 1238; *Conterez v. O'Donnell,* 2002 OK 67, n. 7, 58 P.3d 759, 761. Language in the Oklahoma Discovery Code at issue herein is similar to the federal rules: Fed.R.Civ.P. 30(a)(1) and its counterpart in 12 O.S.Supp.2005 § 3230(A)(1),[2] Fed.R.Civ.P. 30(b)(1) and its counterpart in 12 O.S.Supp. 2005 § 3230(C)(1),[3] and Fed.R.Civ.P. 30(b)(6) its counterpart in 12 O.S.Supp.2005 § 03230(C)(5).[4]

¶ 3 Prior to the 1970 amendments to Rule 30 of the Federal Rules of Civil Procedure, a

If a subpoena duces tecum is to be served on the person to be examined, the designation of the materials to be produced, as set forth in the subpoena, shall be attached to or included in the notice.

**4.** Fed.R.Civ.P. 30(b)(6):

(6) A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.
12 O.S.Supp.2005 § 3230(C)(5):
5. A party may in the notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which that person will testify. Such designation of persons to testify and the subject of the testimony shall be delivered to the other party or parties prior to or at the commencement of the taking of the deposition of the organization. A subpoena shall advise a nonparty organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization.
This paragraph does not preclude taking a deposition by any other procedure authorized in the Oklahoma Discovery Code.

party seeking to depose a corporation was required to identify the corporate official to be deposed. *Operative Plasterers' & Cement Masons' Intern. Ass'n v. Benjamin,* 144 F.R.D. 87, 89 (N.D.Ind.1992), citing, 4A J. Moore, J. Lucas & D. Epstein, *Moore's Federal Practice* ¶ 30.57[13] (2d ed 1992). A 1970 amendment added Rule 30(b)(6) which "provided an alternative procedure for taking the deposition of an organization. Under this procedure, the party taking the deposition need only describe the subject matter of the examination, and the organization is then required to select and produce the persons who will testify on its behalf." *Operative Plasterers',* 144 F.R.D. at 89. See *Founding Church of Scientology of Washington, D.C., Inc. v. Webster,* 256 U.S.App.D.C. 54, 802 F.2d 1448 (D.C.Cir.1986), *cert. denied,* 484 U.S. 871, 108 S.Ct. 199, 98 L.Ed.2d 150 (1987), where the court stated, "The Advisory Committee Note accompanying the Rule made clear that the new procedure does not supplant but 'supplements the existing practice whereby the examining party designates the corporate official to be deposed.' The former procedure, long known to the bar, thus remains available for litigants to employ if they see fit." *Id.* 802 F.2d at 1451. *See also Moore v. Pyrotech Corp.,* 137 F.R.D. 356, 357 (D.Kan.1991); *Sugarhill Records Ltd. v. Motown Record Corp.,* 105 F.R.D. 166, 168–169 (S.D.N.Y.1985). The amended rule stated that it "does not preclude taking a deposition by any other procedure authorized in these rules." *Founding Church of Scientology,* 802 F.2d at 1451, quoting, Fed. R.Civ.P. 30(b)(6).

¶ 4 Pursuant to Fed.R.Civ.P. 30(a)(1) and (b)(1) a party may depose a party corporation and name a specific individual to be deposed as speaking for the corporation, but the party may designate to speak for the corporation only directors, officers, or managing agents. *In re Honda Am. Motor Co., Inc.,* 168 F.R.D. 535, 540 (D.Md.1996); *U.S. v. One Parcel of Real Estate at 5860 North Bay Rd., Miami Beach, Florida,* 121 F.R.D. 439, 440 (S.D.Fla.1988); *GTE Products Corporation v. Gee,* 115 F.R.D. 67, 68 (D.Mass. 1987).

 ¶ 5 Petitioners argue that a deposition of a corporate official must occur, if at all, pursuant to § 3230(C)(5) where the corporation names the individual to be deposed. That is not the practice under the similar federal rules. Section 3230(C)(5) expressly states that "This paragraph does not preclude taking a deposition by any other procedure authorized in the Oklahoma Discovery Code." We hold that the Oklahoma Discovery Code, like the Federal Rules of Civil Procedure, authorizes more than one method to depose an official of a corporation.[5] An official may be named in the notice to the corporate party, as in the controversy before us, or an alternative procedure in § 3230(C)(5) may be used where specific information is sought and the corporation designates the person to be deposed. Language in *Blue Tee Corp. v. Payne Well Drilling, Inc.,* 2005 OK CIV APP 109, ¶ 12, 125 P.3d 677, 679–680, to the contrary is hereby disapproved. We also hold that a party may name a specific individual in a notice to take the deposition of a party corporation provided that the individual is a director, officer, managing agent, or some other individual who is authorized to speak for the corporation.

¶ 6 While a notice to party's counsel may be used to compel a party to attend a deposition,[6] a subpoena is used to compel a nonparty witness to attend a deposition and a witness fee must be paid.[7] The Two Amended Notices state that they are directed to Crest Infiniti II, LP, d/b/a Crest Infiniti, Crest Infiniti/Cadillac/Olds Isuzu; Crest Auto Group; Van Enterprises; and VT, Inc., with one notice naming Cecil Van Tuyl and the other Larry Van Tuyl. The notices are § 3230(A)(1) & (C)(1) notices, not § 3230(C)(6) notices. The former requires the individual named in a notice to be a

---

**5.** While other methods for deposition of a corporate official may be authorized by the Discovery Code, we need not address those since they are not part of the controversy before us.

**6.** 12 O.S.Supp.2005 § 3230(C)(1).

**7.** 12 O.S.2005 § 3230(H)(2) (payment of fees when a party fails to serve subpoena upon witness and witness does not attend for that reason); 12 O.S.Supp.2005 § 3230(I)(1) (witness fee must be paid in accordance with 12 O.S. § 400).

director, officer, managing agent, or some other individual who is authorized to speak for the corporation. If this requirement is not satisfied for this type of notice a subpoena must be used to compel the attendance of a non-party witness.

¶ 7 Petitioners state in their filings in the trial court that Larry Van Tuyl is not an apex corporate official. They also stated that he is not an officer, director, or employee of any of the named parties; but this statement occurs in Petitioners' Supplemental Appendix, No. 15, an "evidentiary supplement to motion to quash" which shows a District Court file-stamp of August 6, 2007, a few weeks *after* the date of the trial court's order, July 13, 2007, that is challenged in this proceeding. We decline to consider this evidentiary supplement and its attached affidavit dated July 26, 2007, which shows that it was created after the trial court's decision.[8]

¶ 8 A real party in interest states that Larry Van Tuyl owns or operates a company "that along with Van and VT is involved with Crest's management, insurance programs, employee programs.... Larry Van Tuyl has even participated in hiring Crest's employees." Petitioners' Appendix, No. 5, at pg. 7. *If* Larry is a director, officer, or managing

agent of a party corporation he may be noticed, individually, for a deposition through the corporation's counsel appearing in the trial court. But if Larry is not of this classification his attendance at the deposition is as a non-party witness; and if he does not consent to appear, a subpoena is a proper procedure for compelling his attendance.

¶ 9 The trial court transcript of the hearing on the motion to quash the notices for depositions shows the trial court determined that Larry's connection with Oklahoma was sufficient for personal jurisdiction. Although petitioners' record herein is insufficient to show Larry's status as a corporate official, or not, for the purpose of this extraordinary writ proceeding,[9] the trial court record before us does affirmatively show that the trial court expressly declined to determine, at that time, the contested factual issue of Larry's status with respect to the parties.[10]

¶ 10 Of course, pursuant to Rule 4 of the Rules for District Courts, 12 O.S.Supp.2002, Ch. 2, App., a party does not have a right to a hearing because a process is available for presenting both facts and legal argument to the trial court.[11] However, when the ele-

8. *See Christian v. Gray*, 2003 OK 10, ¶ 15, 65 P.3d 591, 600, where we declined to consider in the extraordinary writ proceeding an affidavit created after the decision of the trial court. Generally, a request for prohibition in this Court must be preceded by the petitioner presenting the same claim to the inferior tribunal. *Schofield v. Melton*, 1933 OK 447, 25 P.2d 279, 282. A part of a claim are facts and they should thus be presented in the first instance to the trial court for its consideration in issuing its order. This is important for several reasons. One reason is that this Court does not make first-instance adjudications of fact when exercising supervisory jurisdiction. *S.W. v. Duncan*, 2001 OK 39, ¶ 32, 24 P.3d 846, 857 (Court does not exercise its supervisory writ jurisdiction and grant prohibition to review the sufficiency of evidence underlying a District Court adjudication or to re-adjudicate a judge's determination of facts.). *See also Ethics Commission v. Cullison*, 1993 OK 37, 850 P.2d 1069, 1080 (evidentiary issues are more properly the subject of District Court proceedings). Another reason is that prohibition in a discovery matter is based upon a petitioner showing an abuse of the trial court's discretion. *Inhofe v. Wiseman*, 1989 OK 41, 772 P.2d 389, 391. A fact cannot be used to show an abuse of discretion when that fact was not presented be-

fore the trial court prior to exercising its discretion. A supervisory writ proceeding is not for the purpose of presenting a record that should have been presented to the trial court.

9. *S.W. v. Duncan, supra,* and *Ethics Commission v. Cullison, supra,* at note 8.

10. Of course, a hearing on a motion need not include a discussion and adjudication on every aspect of the motion presented for adjudication. This is so because elements or parts of the motion may be decided by the trial court without a hearing. See the discussion of District Court Rule 4, *infra*. However, the transcript here shows that the trial court declined to address the factual issue of Larry Van Tuyl's corporate status. When respondent judge was questioned by counsel on whether her order compelling attendance by notice instead of subpoena was "Even though Mr. Larry Van Tuyl is not an officer or director?", she responded with "That remains to be seen." Petitioners' App. No. 8, Trans. at p. 16.

11. *Mott v. Carlson*, 1990 OK 10, n. 6, 786 P.2d 1247, 1251. Rule 4(h) provides that "Motions may be decided by the court without a hearing,

ments of a cause of action, or defense thereto, necessarily involve a fact or facts contested by the parties (contested material facts), the fact or facts must be determined by the finder of fact at a hearing. *Edmondson v. Pearce*, 2004 OK 23, n. 3, 91 P.3d 605, 611.[12] The scope of Rule 4 includes motions not involving the merits of the action; and facts material to such motions, when contested, must be tried by the appropriate trier of fact. While stipulations of fact and admissions may serve as evidentiary substitutes that dispense with the need for proof of the conceded facts, unsworn statements of counsel in a motion do not constitute evidence. *State v. Torres*, 2004 OK 12, ¶ 29, 87 P.3d 572, 585.[13]

¶ 11 The fact question of whether Larry Van Tuyl is, or is not, an apex corporate official or a director, officer, or managing agent officer of one of the parties was presented to the trial court by unsworn statements of counsel.[14] Resolution of this issue was necessary to adjudicate whether a subpoena was necessary to compel his attendance. We recently explained that " 'Motions raising fact issues shall be verified by a person having knowledge of the facts, if possible; otherwise, a verified statement by

counsel of what the proof will show will suffice *until a hearing or stipulation can be provided.*' " *Oklahoma Oncology and Hematology, P.C. v. U.S. Oncology, Inc.*, 2007 OK 12, n. 30, 160 P.3d 936, 950 (emphasis in original) (quoting Uniform District Court Rule 4(c)). An uncontested fact of Larry Van Tuyl's corporate status could be presented by affidavit in support of a motion for a protective order, but here where that status is at issue, the fact was required to be determined by the trier of fact at the hearing on the motions for a protective order and to quash.

¶ 12 Ordering Larry Van Tuyl to appear at a deposition pursuant to a notice to counsel was an abuse of discretion where he objected to the deposition on the basis of his status with respect to the corporate parties and that issue was left unadjudicated by the trial court prior to its order. We issue prohibition to prevent enforcement of the District Court's order compelling Larry Van Tuyl to appear at a deposition in accordance with a notice until the trial court actually adjudicates his status and whether a notice or subpoena is the proper method to compel his attendance.[15]

---

and where this is done, the court shall notify the parties of its ruling by mail." A motion need not be adjudicated at a hearing when parties have an opportunity to fully present legal argument and facts in support. *State ex rel. Oklahoma Bar Association v. Hornung*, 1991 OK 56, 813 P.2d 1041, 1042; *State ex rel. Oklahoma Bar Association v. Gasaway*, 1993 OK 133, 863 P.2d 1189, 1200.

**12.** This is one reason why we have explained that contested material facts may not be adjudicated on either a motion to dismiss or for summary judgment, but are adjudicated by the proper finder of fact at the proper proceeding for that purpose. *See, e.g., Colton v. Huntleigh USA Corp.*, 2005 OK 46, ¶ 10, 121 P.3d 1070, 1073 (principle stated with regard to jurisdictional facts).

**13.** We also explained in *Torres* that "In motion practice, only facts affirmed by affidavit need be countered by counter-affidavit." *State v. Torres*, at note 52, 87 P.3d 572, 585. Of course, conflicting or competing affidavits may not be used to adjudicate those facts. *St. Clair v. Hatch*, 2002 OK 101, ¶ 15, 62 P.3d 382, 387; *Kincaid v. Black Angus Motel, Inc.*, 1999 OK 54, ¶ 20, 983 P.2d 1016, 1022. *See also Colton v. Huntleigh USA Corp.*, 2005 OK 46, ¶ 10, 121 P.3d 1070, 1073. Cf. *Bank of Wichitas v. Ledford*, 2006 OK 73, n. 13, 151 P.3d 103, 109 (summary process is not

used to substitute a trial by affidavit for an adjudication by the finder of fact).

**14.** We note that unlike petitioner's Appendix herein, the Appendix of a real party in interest contains several instruments, both sworn and unsworn, attached to that party's objection to petitioners' motion to quash. Because the trial court did not adjudicate Larry Van Tuyl's corporate status we decline the invitation to review these materials and determine their sufficiency for the purpose of objecting to petitioners' motion to quash. See authority cited in notes 8 and 9, *supra*.

**15.** We have issued prohibition where a trial court adjudicates part of a cause of action and makes the adjudication effective as if the entire cause was adjudicated. *Chandler U.S.A., Inc. v. Tyree*, 2004 OK 16, ¶ 10, 87 P.3d 598, 601; *Liberty Bank and Trust Company of Oklahoma City v. Rogalin*, 1996 OK 10, 912 P.2d 836, 838. Expressly not adjudicating a fact necessary to show entitlement to the legal relief requested, and yet granting that relief, is similar to expressly not adjudicating part of a cause of action and yet making that adjudication effective as if the cause was adjudicated. Prohibition is a proper remedy to prevent enforcement of such orders when this Court exercises its discretionary supervisory jurisdiction. *Chandler, supra, Liberty Bank, supra.*

¶ 13 Cecil Van Tuyl, as president of one of the parties, may be noticed to attend a deposition through counsel for the party corporation of which he is president. However, in addition to objecting to the form of process used to compel his attendance, petitioners sought a protective order based upon the "apex doctrine." This doctrine shields corporate officials at the apex of a corporate hierarchy from depositions. *Crown Cent. Petroleum Corp. v. Garcia*, 904 S.W.2d 125, 127–128 (Tex.1995) (collecting cases). It requires the party seeking the deposition to show good cause that the official has unique or superior personal knowledge of discoverable information. *Id.* 904 S.W.2d at 128. If this showing is not made, the trial court grants a protective order and requires the party to obtain the necessary discovery through less intrusive methods.

¶ 14 Not all courts have adopted the apex doctrine. See, for example, *State ex rel Ford Motor Company v. Messina*, 71 S.W.3d 602 (Mo.2002), where that court stated the following.

This Court declines to adopt an "apex" rule.... Even if the top-level employee has discoverable information, the organization or its top-level employee may seek a protective order.... The party or person opposing discovery has the burden of showing "good cause" to limit discovery.... A protective order should issue if annoyance, oppression, and undue burden and expense outweigh the need for discovery.... For top-level employee depositions, the court should consider: whether other methods of discovery have been pursued; the proponent's need for discovery by top-level deposition; and the burden, expense, annoyance, and oppression to the organization and the proposed deponent.

*Id.* 71 S.W.3d at 607 (material and citations omitted).

Similarly, some federal courts have agreed that an apex corporate official may seek a protective order, although the apex doctrine is not adopted. For example, in *Thomas v. International Business Machines*, 48 F.3d 478 (10th Cir.1995), a party sought to depose the Chairman of the Board of Directors of IBM. The notice sought his deposition in Oklahoma City. The Chairman sought a protective order arguing several grounds, including but not limited to (1) the deposition was noticed for Oklahoma City instead of the principle place of business in White Plains, New York,[16] (2) no other deposition of IBM personnel had occurred, (3) the Chairman submitted an affidavit that he lacked personal knowledge of the pertinent facts material to the plaintiff's claim, (4) nothing in the appellate record showed that the corporate defendant had failed to make available for deposition those corporate employees with knowledge of the pertinent facts material to plaintiff's claim, and (5) the Chairman's affidavit described the "severe hardship" because of specific duties that conflicted with the scheduled deposition. *Id.* 48 F.3d at 483.

¶ 15 The apex doctrine places a burden on the party seeking the deposition to show that the corporate official has unique or superior personal knowledge of discoverable information, and if the showing is not met a protective order is issued. *Crown Cent. Petroleum Corp. v. Garcia*, 904 S.W.2d at 128. Neither *Ford Motor Company* nor *Thomas* adopted the apex doctrine, but they did recognize that a deposition of a corporate official could be unduly burdensome and oppressive under certain circumstances. In both *Ford Motor Company* and *Thomas* the burden of show-

---

**16.** Depositions of corporate officials "are ordinarily taken at the corporation's principal place of business unless justice requires otherwise." *Moore v. Pyrotech Corp.*, 137 FRAT 356, 357 (D.Kan.1991), citing, 8 Wright & Miller, *Federal Practice and Procedure: Civil* § 2112, at 410 (2d ed.1970). *See also Thomas v. International Business Machines*, 48 F.3d 478, 483 (10th Cir.1995) (principle explained); *Magnus Electronics, Inc. v. Masco Corp. of Indiana*, 871 F.2d 626, 630 (7th Cir.1989), *cert. denied*, 493 U.S. 891, 110 S.Ct. 237, 107 L.Ed.2d 188 (1989) (magistrate's order requiring corporation to produce corporate officers in Chicago was correct because location was corporation's principal place of business); *Salter v. Upjohn Company*, 593 F.2d 649, 651–652 (5th Cir.1979) (principle explained and characterized as being well settled). The Oklahoma Discovery Code provides that "A party, in addition to the places where a witness may be deposed, may be deposed in the county where the action is pending or the county where he or she is located when the notice is served." 12 O.S.Supp.2005 § 3230(B)(2).

ing oppression, annoyance, and undue burden lies with the party opposing the deposition.

¶ 16 Discovery may be limited or denied when discoverable material is sought in an excessively burdensome manner. *Farmers Ins. Co. v. Peterson,* 2003 OK 99, ¶ 3, 81 P.3d 659, 660. The party or person from whom a deposition is sought may, with good cause to be shown, request a protective order to "protect a party or person from annoyance, harassment, embarrassment, oppression or undue delay, burden or expense...." 12 O.S.Supp.2004 § 3226(C)(1).[17] We have explained that this statute "*shifts the burden* of showing "good cause" to the party who *opposes* discovery." *YWCA of Oklahoma City v. Melson,* 1997 OK 81, ¶ 15, 944 P.2d 304, 308–309.

¶ 17 Petitioners resisted the deposition of Cecil Van Tuyl based upon his status as an apex corporate official. They argued that plaintiffs failed to meet an apex doctrine burden of "showing that these individuals have 'a unique personal knowledge' or superior knowledge of the matters at issue." Brief at 11–12. We decline to adopt a form of the apex doctrine that shifts a burden to the party seeking discovery. In Oklahoma the burden of showing "good cause" is statutorily placed on the party objecting to discovery and is part of that party's motion for a protective order.

¶ 18 The record before us in this extraordinary writ proceeding includes peti-

tioners' motion to quash the deposition, their reply to plaintiffs' response, and a supplemental reply. The latter two instruments state that Cecil Van Tuyl and Larry Van Tuyl "have little, if any, unique personal knowledge about the controversy at issue." (reply at 4, supplemental reply at 2.) They also state that the individuals "do not have personal knowledge about the controversy at issue, and any information they could offer would not be relevant to the particular facts of this case." *Id.* The instruments do not identify plaintiffs' claims and explain why these officials have no knowledge regarding those particular claims. For example, plaintiffs argued in the trial court that the officials had knowledge relating to the alleged related corporate structures, and that the information plaintiffs sought was relevant to plaintiffs' alter ego claims. Plaintiffs also argued that defendants should not be allowed to "rely solely on the blanket statement that these witness[es] lack any information relevant to the issues in this case." We agree that petitioners must show more than these blanket statements to satisfy their burden for a protective order. Petitioners did not explain why the corporate official, as such, would not have knowledge of information relating to plaintiffs' causes of action. They did not explain why the particular information sought by plaintiffs would inflict annoyance, harassment, embarrassment, oppression or undue delay, burden or expense sufficient for issuance of a protective order

---

17. 12 O.S.Supp.2004 § 3226(C)(1):
 C. PROTECTIVE ORDERS.
 1. Upon motion by a party or by the person from whom discovery is sought, accompanied by a certification that the movant has in good faith conferred or attempted to confer, either in person or by telephone, with other affected parties in an effort to resolve the dispute without court action, and for good cause shown, the court in which the action is pending or on matters relating to a deposition, the district court in the county where the deposition is to be taken may enter any order which justice requires to protect a party or person from annoyance, harassment, embarrassment, oppression or undue delay, burden or expense, including one or more of the following:
 a. that the discovery not be had,
 b. that the discovery may be had only on specified terms and conditions, including a designation of the time or place,

c. that the discovery may be had only by a method of discovery other than that selected by the party seeking discovery,
 d. that certain matters not be inquired into, or that the scope of the disclosure or discovery be limited to certain matters,
 e. that discovery be conducted with no one present except persons designated by the court,
 f. that a deposition after being sealed be opened only by order of the court,
 g. that a trade secret or other confidential research, development or commercial information not be disclosed or be disclosed only in a designated way, and
 h. that the parties simultaneously file specified documents or information enclosed in sealed envelopes to be opened as directed by the court;

when that information was sought from this particular individual. Petitioners did not explain and identify, as did the White Plains official in *Thomas v. International Business Machines, supra,* the more appropriate corporate official to provide the information sought by plaintiffs.

¶ 19 The transcript of the hearing on the motion to quash contains a discussion of whether the individuals "are connected enough" for personal jurisdiction purposes, but no discussion occurs relating to whether the petitioners met their burden for a protective order. This is, in part, because petitioners' filings sought to place the discovery burden on the plaintiffs. Nothing in the transcript shows that the trial court actually adjudicated petitioners' claim that the deposition of Cecil Van Tuyl would constitute harassment or abuse.

¶ 20 When addressing first-impression procedural issues in the context of extraordinary relief we have, based upon certain circumstances, provided the parties with an opportunity to seek relief in the trial court based upon our opinion. *See, e.g., Christian v. Gray,* 2003 OK 10, ¶ 1, 65 P.3d 591, 594; *YWCA of Oklahoma City v. Melson,* 1997 OK 81, ¶ 25 944 P.2d 304 311–312; *White v. Wensauer,* 1985 OK 26, 702 P.2d 15, 19. We issue a writ of prohibition and direct the trial court not to enforce its order requiring Cecil Van Tuyl and Larry Van Tuyl to appear for depositions pursuant to notice provided to counsel for petitioners. Our opinion does not prevent plaintiffs from seeking to depose Cecil Van Tuyl and Larry Van Tuyl in accordance with this opinion, or prevent petitioners from objecting to such depositions in accordance with this opinion.

¶ 21 EDMONDSON, V.C.J., OPALA, KAUGER, WATT, COLBERT, JJ., Concur.

¶ 22 WINCHESTER, C.J., HARGRAVE, TAYLOR, JJ., Concur in Result.

